**BLUE CROSS AND BLUE SHIELD OF DELAWARE, INCORPORATED, Plaintiff,**

v.

**David H. ELLIOTT, Insurance Commissioner of the State of Delaware, Defendant.**

Superior Court of Delaware, New Castle County.

Submitted June 29, 1982.

Decided June 30, 1982.

Stephen E. Herrmann, and Samuel A. Nolen, of Richards, Layton & Finger, Wilmington, for plaintiff.

Catherine S. Mulholland, Dept. of Justice, Wilmington, for defendant.

O'HARA, Judge.

On May 26, 1982, Blue Cross and Blue Shield of Delaware, Inc. ("Blue Cross"), filed a 19.2 percent rate increase, applicable to several thousand subscribers, pursuant to 18 *Del.C.* § 2501 *et seq.*, effective July 1, 1982. It notified some of those subscribers of the projected increase on May 15, 1982. On June 2, 1982, the Deputy Insurance Commissioner ("Deputy Commissioner") disallowed the increase, maintaining that the documentation accompanying the filing was inadequate in specifically enumerated areas. He stated, however, that the filing would be reconsidered if the requested information was submitted. On June 16, 1982, Blue Cross responded to the June 2, 1982 letter and disputed the need for the requested information, questioned the apparent recent change in documentation procedure for filings, and further asserted that the disallowance letter was legally defective as to authorized signature as well as in content. Blue Cross requested that any disallowance be made effective three and a half months in the future, as per a prior understanding between itself and the Insurance Commissioner ("Commissioner"). On June 25, 1982, the Deputy Commissioner responded by incorporating his June 2 objections in the filing in a new disallowance letter, and gave Blue Cross notice of its statutory right to a hearing regarding the disallowance. He fixed the effective date of that disallowance as July 1, 1982.

Blue Cross received this second letter on June 28, 1982, and filed an appeal of both decisions on June 29, 1982. It also requested a stay and setting aside of the decisions, a remand to the Commissioner, and any other just relief. Blue Cross asserts that the Deputy Commissioner was without authority to disallow filings, that statutory procedures were not followed, that the Commissioner abused his discretion and acted in a discriminatory fashion toward Blue Cross.

The first issue to be addressed is that of jurisdiction. 18 *Del.C.* § 2531 provides that appeals from any order, decision or act of the Commissioner are subject to review in the Court of Chancery.[1] However, plaintiff

---

1. § 2531. Appeals from Commissioner.

   Any order, decision or act of the Commissioner under this chapter is subject to judicial review upon petition of any person aggrieved.

   The appeal shall be to the Court of Chancery in any county of this State. A petition for review shall be filed within 60 days from notice of the order, decision or act. The commencement of

asserts, and defendant agrees, that the Administrative Procedures Act ("APA"), 29 *Del.C.* §§ 10102(4), 10141(a) and 10142(a) (formerly 29 *Del.C.* §§ 6401, 6441, 6442, redesignated effective July 1, 1980), supercedes 18 *Del.C.* § 2531, and grants jurisdiction to Superior Court.[2] This Court does not find the matter so easily resolved.

The purpose of 18 *Del.C.* c. 25, Rates and Rating Organizations, is applicable to the substantive issue here. That purpose is to

promote the public welfare by regulating insurance rates . . . to the end that they shall not be excessive, inadequate or unfairly discriminatory . . . [without tending] to prohibit or discourage reasonable competition or . . . prohibit, or encourage . . . uniformity in insurance rates . . ." 18 *Del.C.* § 2501.

The policy of Title 29, c. 101, as well as its predecessor statute, is also significant. Its purpose is to

standardize the procedures and methods whereby certain state agencies exercise their statutory power and to specify the manner and extent to which action by such agencies may be subjected to judicial review. 29 *Del.C.* § 10101.

Title 29 specifically applies to the Insurance Commissioner. 29 *Del.C.* § 10161(7).

In *Elliott v. Blue Cross and Blue Shield of Delaware, Inc.*, Del.Supr., 407 A.2d 524 (1979), the Supreme Court, in dicta, affirmed the application of the APA to the Insurance Commissioner's functions. However, the Court mentioned Title 29 only in regard to general applicability to the Commissioner and the availability of mandamus under former 29 *Del.C.* § 6443 (current section 10143). The question of conflicting jurisdictional provisions did not arise. However, the *Elliott* case is significant for two reasons: procedurally, it was certified to the Supreme Court from the Court of Chancery, *Elliott*, 407 A.2d at 526, n. 2; substantively, the Court determined that the Commissioner's filing disallowance activities were governed by the provisions of 18 *Del.C.* § 2507.[3] The Court ruled that under that statute the Commissioner was not required to hold a hearing before making a disallowance decision. The Court did not mention 29 *Del.C.* § 6422, (current 29 *Del.C.* § 10122), which requires notice of a formal or informal hearing prior to a case decision by the Commissioner.[4]

It is possible to harmonize these statutes, overall, on the basis that each is directed at separate conduct. However, the APA was designed to regulate 13 commissions and boards. 29 *Del.C.* § 10161. Its provisions

the proceeding shall not affect enforcement or validity of the Commissioner's action unless the Court determines, after notice to the Commissioner, that a stay of enforcement until further direction of the Court will not unduly injure the interests of the public. Subsections (d) through (i) of § 333 (appeal from the Commissioner) of this title shall apply to such appeals.

**2.** § 10102. Definitions.
As used in this chapter:
\*     \*     \*     \*     \*     \*
(4) "Court" means the Superior Court of the State.
§ 10141. Review of regulations.
(a) Any person aggrieved by and claiming the unlawfullness of any regulation may bring an action in the Court for declaratory relief.
§ 10142. Review of case decisions.
(a) Any party against whom a case decision has been decided may appeal such decision to the Court.

**3.** § 2507. Disapproval of filing.
If within 30 days after a specific inland rate, a special surety or guaranty on a risk specially rated by a rating organization subject to sub-

section (b) of § 2504 of this title has become effective, the Commissioner finds that such filing does not meet the requirements of this chapter or if upon review of any other filing, the Commissioner finds that the same does not meet the requirements of this chapter, he shall, specify the reason for his disapproval and state that a hearing will be granted within 20 days after request in writing by the insurer or rating organization which made such filing, issue an order specifying in what respects he finds that such filing fails to meet the requirements of this chapter and stating when, within a reasonable period thereafter, such filing shall be deemed no longer effective. Copies of the order shall be sent to every such insurer and rating organization. The order shall not affect any contract or policy made or issued prior to the expiration of the period set forth in the order.

**4.** This Court will not examine the apparent conflict between 18 *Del.C.* § 2507 and 29 *Del.C.* § 10122, as that issue is not before it.

include a comprehensive scheme for judicial review of agency decisions. Those provisions mandate exhaustion of remedies, 29 *Del.C.* § 10141, time for appeal on the record, 29 *Del.C.* § 10142, availability of mandamus, 29 *Del.C.* § 10143, standards for stays pending review, 29 *Del.C.* § 10145. The APA was enacted in 1975, *see,* 60 *Del. Laws* c. 585 (1975). Eighteen *Del.C.* c. 25 was enacted in current form in 1967, 56 *Del.Laws* c. 380 (1967), and, in contrast, does not contain such minute review provisions and is directed toward the rate-making conduct of the Commissioner and other parties. Judicial review is only a minor incident of this scheme and found in 18 *Del.C.* § 2531.

■■■ Nevertheless, the jurisdiction sections of these statutes are irreconcilable and there is an absence of information as to legislative intent. The specific holding of *Elliott* is not material to the issue here but both the procedural posture and the primacy of Title 18 in that decision cast doubt on the parties' assertion of jurisdiction under the APA. Therefore, rules of statutory construction must be applied to resolve the question. Those rules mandate that the later enacted statute controls the earlier statute, *Green v. County Council of Sussex County,* Del.Ch., 415 A.2d 481 (1980), and the specific statute controls the more general to the extent of any conflict, *Hamilton v. State,* Del.Supr., 285 A.2d 807 (1971), *Artesian Water Co. v. State Dept. of Highways and Transportation,* Del.Super., 330 A.2d 432, modified on other grounds, 330 A.2d 441 (1974). 29 *Del.C.* c. 101 is both the later statute and the more specifically detailed jurisdictional statute. Therefore, this Court concludes that the Legislature impliedly intended it to supplant the jurisdictional provisions in 18 *Del.C.* § 2531. Although repeal by implication is not favored, repeal must be recognized here in order to give meaning to the legislative intent of 29 *Del.C.* c. 101 *et seq.,* to standardize the manner in which certain agencies are subjected to judicial review. *Fraternal Order of Police v. McLaughlin,* Del.Supr., 428 A.2d 1158 (1981). Thus, this Court holds that it has jurisdiction in this matter under the authority of 29 *Del.C.* § 10142.

The standard to determine whether a stay should be granted is governed by 29 *Del.C.* § 10144.

When an action is brought in the Court for review of an agency regulation or decision, enforcement of such regulation or decision by the agency may be stayed by the Court only if it finds, upon a preliminary hearing, that the issues and facts presented for review are substantial and the stay is required to prevent irreparable harm.

Substantial issues and facts have been presented for review. In his June 2, 1982, letter the Deputy Commissioner failed to satisfy the criteria delineated by both statute and case law regarding disallowance of a filing. In *Elliott,* 407 A.2d at 530, the Court mandated:

When the Commissioner finds that a rate filing does not meet the requirement of Chapter 25, § 2507 provides that he shall: (1) issue an order specifying the reasons for his disapproval; (2) state that a hearing will be granted within 20 days after written request for a hearing by the insurer; and (3) state when, within a reasonable period after entry of his order, the disapproved rate shall not longer be effective, if it has previously gone into effect.

The June 2 letter did not contain the notice provision or an effective date. In his June 25 letter, the Deputy Commissioner complied with steps (1) and (2) but failed to satisfy step (3). Five days notice of the effective date of disallowance is not a "reasonable period" within which to accomplish an administrative retraction of a newly effective rate. 18 *Del.C.* § 2507 grants several rights to the insurer: it may file and use new rates without prior approval, it has a right to a hearing after disallowance and it will be granted a reasonable period before its filing will lose effect. In essence, the five day period fixed in the June 25 letter is closer in nature to a penalty for use filing than to a reasonable time to effect disallowance. *See, Elliott,* 407 A.2d at 531. That

brief period is clearly prejudicial to Blue Cross.

This Court is persuaded that if the effective date of the Commissioner's decision is not stayed upon these substantial facts, Blue Cross, as well as those insureds whose coverage will be affected, 18 *Del.C.* § 2517, will suffer irreparable harm. If a stay is not granted, the organization's ability to function efficiently will be affected and administrative costs for reconversion to the old rates will ultimately be borne by all of its policy-holders. Further, Blue Cross is a non-profit corporation. Inadequate rates do not affect its profit, they only add to its existing deficit. If Blue Cross is ultimately shown to be entitled to this increase, it can never recover the lost revenues and its policy-holders can never recover the additional cost of temporary conversion to the former rates. Further, the Commissioner disallowed its last rate increase, and it is, therefore, possible that its old rate is inadequate.

■ Thus, a stay in these circumstances meets the standards of 29 *Del.C.* § 10144 and also complies with the spirit of 18 *Del.C.* § 2501, to assure fair rates for the consuming public. In addition, it alleviates the damage inflicted by the Commissioner's initial failure to comply with statutory procedures. However, this stay will be of limited duration and is intended to allow the parties to fully examine the merits of the rate filing of May 26, 1982, in compliance with procedures contained in 18 *Del.C.* § 2507. The other issues raised by Blue Cross in its petition pertaining to discrimination, authority and abuse of discretion, have not been fully briefed or argued and may well be resolved during the period of the stay. They cannot be adjudicated on the present record. Since Blue Cross has assured this Court that it will supply the requested information to the Commissioner by July 1, 1982, and as the Commissioner is required to hold a hearing on disallowance within 20 days after the June 28, 1982 appeal (which is functionally equivalent to a request in writing from the insurer), this Court will order that the Commissioner's June 25 decision fixing the effective date of

disallowance as July 1, 1982, will be stayed until July 19, 1982. This issue of the length of a "reasonable period" shall be remanded for the Commissioner's consideration.

IT IS SO ORDERED.