**Walter LOWICKI, Appellant,**

**v.**

**UNEMPLOYMENT INSURANCE APPEAL BOARD, George M. Curtin, Referee, and Department of Labor, Division of Unemployment Insurance, Appellees.**

Supreme Court of Delaware.

Submitted: March 14, 1983.

Decided: May 3, 1983.

Stanley C. Lowicki (argued), Wilmington, for appellant.

Kathleen A.T. Irwin (argued), Deputy Atty. Gen., Wilmington, for appellees.

Before HERRMANN, C.J., HORSEY and MOORE, JJ.

PER CURIAM:

This appeal concerns the Delaware Department of Labor's authority under State and Federal law to deduct Social Security benefits received by a claimant from the amount of unemployment compensation otherwise due.

Claimant asserts that the provisions of the Federal Unemployment Tax Act, 26 U.S.C.A. § 3301 *et seq.*, particularly § 3304(a)(15) and the correlative Delaware statute, 19 *Del.C.* § 3313(f), prohibit the offset of Social Security benefits against unemployment compensation benefits.[1]

---

1. 26 U.S.C.A. § 3304(a)(15) provides:

"The amount of compensation payable to an individual for any week which begins after March 31, 1980, and which begins in a period with respect to which such individual is receiving a governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment which is based on the previous work of such individual shall be reduced (but not below zero) by an amount equal to the amount of such pension, retirement or retired pay, annuity, or other payment, which

## I

Claimant, Walter Lowicki, a social security recipient since 1965, has been employed as a parimutuel ticket seller by Delaware Park and Brandywine Raceway for the past 27 years. Since his employment is seasonal, Lowicki, when not employed, obtains State unemployment benefits. This litigation stems from a September 7, 1980 layoff for which claimant sought maximum unemployment benefits of $150 per week. The Labor Department approved Lowicki's application, but in determining his award, offset Lowicki's Social Security benefits (prorated weekly). This resulted in Lowicki's receiving net unemployment benefits of $50 per week.

Claimant first appealed this offset to a referee and lost. He then appealed the referee's decision to the Unemployment Insurance Appeal Board (hereafter "UIAB" or "the Board") and again lost. Lowicki then appealed to Superior Court and lost for a third time. Exercising his fourth right of appeal, as provided by law, Lowicki asks this Court to find the decision below to be contrary to law. Finding no error of law, we affirm.

## II

■ The provisions of the first two unnumbered paragraphs of § 3313(f) are obviously inconsistent and irreconcilable as to

is reasonably attributed to such week, except that—

 (A) The requirements of this paragraph shall apply to any pension, retirement or retired pay, annuity, or other similar periodic payment only if—

 (i) such pension, retirement or retired pay, annuity or similar payment is under a plan maintained (or contributed to) by a base period employer or chargeable employer as determined under applicable law, and

 (ii) in the case of such a payment not made under the Social Security Act or the Railroad Retirement Act of 1974, (or the corresponding provisions of prior law), services performed for such employer by the individual after the beginning of the base period (or remuneration for such services) affect eligibility for, or increase the amount of, such pension, retirement or retired pay, annuity or similar payment, and

 (B) The State law may provide for limitations of the amount of any such reduction to take into account contributions made by the individual for the pension, retirement or retired pay, annuity or other similar periodic payment. . . ."

The correlative Delaware statute, 19 *Del.C.* § 3313(f), provides:

"Any otherwise eligible individuals shall be paid with respect to any week a benefit amount equal to his weekly benefit amount less that part of a retirement pension or annuity, if any, received by him or for which he is eligible under a private pension plan which is financed entirely by a base period employer of such employee, and which is in excess of the weekly benefit amount for which he is eligible under this chapter. If there is employee participation in financing a pension plan, such deduction shall be reduced in the same proportion as the employee's contribution to the pension bears to the total pension amount. If such retirement

pension or annuity payment deductible under this subsection is received on other than a weekly basis, the amount thereof shall be allocated and prorated in accordance with such regulation as the Department shall prescribe. The subsection shall apply only to any new claim filed after August 9, 1961.

The weekly benefit amount payable to an individual for any week which begins after March 31, 1980, and which begins in a period with respect to which such individual is receiving a governmental or other pension, retirement or retired pay, annuity or any other similar periodic payment which is based on the previous work of such individual shall be reduced (but not below zero) by the prorated weekly amount of such pension, retirement or retirement pay, annuity or other payment which is reasonably attributable to such week; provided that, if the provisions of the Federal Unemployment Tax Act permit the State Administrator may proscribe in regulations which are consistent with the Federal Unemployment Tax Act that:

 (1) The requirements of this paragraph shall only apply in the case of a pension, retirement or retired pay, annuity or other similar periodic payment under a plan maintained (or contributed to) by a base period or chargeable employer (as determined under this Act);

 (2) The amount of such reduction shall be determined taking into account contributions made by the individual for the pension, retirement or retired pay, annuity or other similar periodic payment;

 (3) Any overpayment which may result from the retroactive application of this paragraph may, at the discretion of the Secretary of Labor, be waived."

the scope of the offset or deduction to be made from a gross weekly benefit in determining the net benefit payable. The first unnumbered paragraph limits the offset to amounts received from a retirement pension or annuity "under a private pension plan"; whereas the second unnumbered paragraph of § 3313(f) broadens the offset to include amounts received from "a governmental or other pension, retirement or retired pay, annuity or any other similar periodic payment ... which is reasonably attributable to such week...." We conclude that the Legislature intended the offset of pension or retirement benefits from unemployment compensation benefits to be controlled by the offset language of the second unnumbered paragraph rather than that of the first unnumbered paragraph of § 3313(f). We do so for the following reasons: *One,* the legislative history of § 3313(f) clearly suggests that the second unnumbered paragraph enacted in June, 1980 (62 *Del.Laws,* c. 287) was intended to supersede the first unnumbered paragraph of § 3313(f) enacted in 1961 (53 *Del.Laws,* c. 158). *Two,* the 1980 enactment was carried out to conform State unemployment benefits with the Federal Unemployment Tax Act, 26 U.S.C.A. § 3304(a)(15). Since the terms of Delaware's 1980 enactment are virtually identical to those of the Federal statute, it is reasonable to conclude that the 1980 legislation was intended to supplant the original offset language of § 3313(f). *Cf. Blue Cross & Blue Shield of Del. v. Elliott,* Del.Super., 449 A.2d 267, 270 (1982). (Where statutes are irreconcilable, the later enacted statute controls the earlier statute). *See also Giuricich v. Emtrol Corp.,* Del. Supr., 449 A.2d 232 (1982); *Murphy v. Bd. of Pension Trustees,* Del.Supr., 442 A.2d 950 (1982). *Three,* other jurisdictions have similarly held Social Security payments to be deductible from unemployment benefits under 26 U.S.C.A. § 3304(a)(15) and comparable state laws. *See Hampton v. Daniels,* Ark.App., 2 Ark.App. 83, 616 S.W.2d 757 (1981); *In Matter of Olsen,* N.D.Supr., 319 N.W.2d 147 (1982). Equally unpersuasive is claimant's related argument that Social Security is not a pension or retirement plan subject to offset under state and federal law.

### III

■ We find no merit to claimant's alternative contention that 26 U.S.C.A. § 3304(a)(15) should be construed as exempting Social Security payments from offset or deduction, by virtue of the language of subparagraphs (A)(i) and (A)(ii). (*See* footnote 1, *infra.*) Claimant argues that because his Social Security benefits vested in 1966, before the base period employer concept was created, his Social Security payments are not controlled by 26 U.S.C.A. § 3304(a)(15). The argument is fallacious. The base period employment calculation refers to the time period immediately preceding Lowicki's claim for unemployment benefits. In claimant's case, his base period employers were Delaware Park and Brandywine Raceway. Both employers were required by statute to contribute to the Social Security fund. Therefore, claimant's Social Security payments fall within 26 U.S.C.A. § 3304(a)(15)(i).

We also find no merit to claimant's contention that 26 U.S.C.A. § 3304(a)(15)(ii) excludes Social Security benefits from offset against unemployment compensation benefits. Subparagraph (ii) has no application to claimant since the contested offset *was* made under the Social Security Act. *See Cabais v. Egger,* D.D.C., 527 F.Supp. 498 (1981), *rev. on other grounds,* 684 F.2d 1031 (1982); *Rivera v. Patino,* N.D.Cal., 524 F.Supp. 136 (1981).

■ Finally, we find no merit to claimant's contention that the offset provision of § 3313(f), as amended, is unconstitutional either for due process or equal protection purposes or constitutes a taking without just compensation. Economic legislation which does not contain a "suspect classification" or limit a "fundamental right" must be reviewed for equal protection violations under the rational basis test. *See Schweiker v. Wilson,* 450 U.S. 221, 101 S.Ct. 1074, 67

L.Ed.2d 186 (1981); *Lacy v. Green,* Del.Super., 428 A.2d 1171 (1981).

 Under the rational basis test, legislation will be deemed constitutional if the legislative means are rationally related to a legitimate governmental objective or purpose. *Schweiker v. Wilson, supra.* Moreover, such legislation carries with it a presumption of rationality that can be overcome only by a clear showing of arbitrariness and irrationality. *Hodel v. Indiana,* 452 U.S. 314, 101 S.Ct. 2376, 69 L.Ed.2d 40 (1981).

Due Process violations must also be reviewed under a "rational basis" analysis. See *Vlandis v. Kline,* 412 U.S. 441, 458, 93 S.Ct. 2230, 2239, 37 L.Ed.2d 63 (1973).

Claimant has failed to show that the provisions of 26 U.S.C.A. § 3304(a)(15) and 19 *Del.C.* § 3313(f) are not rationally related to a legitimate governmental purpose. He has thereby failed to overcome the presumption of constitutional validity by showing that Congress or the State Legislature acted arbitrarily or irrationally in enacting these statutes.

We find claimant's remaining arguments concerning federal certification of the Department of Labor's actions and the State's asserted failure to promulgate regulations concerning deductions of Social Security from unemployment compensation to be frivolous.

\* \* \* \* \* \*

Affirmed.