Marlene L. SLATER, Appellant,

v.

Draper King COLE, Appellee.

Superior Court of Delaware,
Kent County.

Submitted: Jan. 4, 1988.
Decided: Feb. 17, 1988.

Joseph F. Leszcz, Dover, for appellant.
J.R. Julian, Wilmington, for appellee.

## OPINION

RIDGELY, Judge.

Marlene L. Slater ("claimant") appeals the decision of the Industrial Accident Board ("IAB") which dismissed her Petition To Determine Compensation Due To Injured Employee based upon her failure to show good cause for failing to attend three successive medical examinations scheduled by her employer.

### I.

Claimant, a resident of Magnolia, Delaware, was an employee of Draper King Cole ("employer") when she allegedly suffered a disabling injury to her hand. In response to claimant's resulting Petition To Determine Compensation Due To Injured Employee, the employer scheduled a medical evaluation at the Wilmington, Delaware offices of Dr. Joseph A. Arminio, a specialist in hand surgery and industrial medicine.

Claimant arranged to have a friend provide her with a ride to Dr. Arminio's offices as she had no automobile at her disposal. Claimant's ride did not materialize, however, and she failed to appear for this evaluation. Claimant neglected to inform either Dr. Arminio, her attorney, or her employer's counsel that she would be unable to attend.

After the examination was rescheduled, claimant again, without notice, failed to appear. She testified before the IAB that she had been unsuccessful in her attempt to arrange transportation through the Delaware Association of Specialized Transportation. As was the case after the first missed appointment, the employer received a bill from Dr. Arminio because the ap-

pointment was not properly cancelled. At this point, the employer filed a motion to dismiss claimant's petition. This motion was later withdrawn.

A third evaluation was scheduled and, for the third time, again without notifying either Dr. Arminio, her attorney, or her employer's counsel, claimant failed to appear. Claimant testified before the IAB that her reason for not showing up at the third evaluation was her poor health.

After this third missed evaluation, the employer filed another motion to dismiss, which was granted based on claimant's inability to show good cause for failing to keep three different appointments with Dr. Arminio.

## II.

■ The statute compelling a claimant to submit to a medical evaluation by a physician selected and paid by the employer is 19 *Del.C.* § 2343. Section 2343(a) requires the claimant to submit herself for examination "at reasonable times and places." Section 2343(b) states:

> The refusal of the employee to submit to an examination required by subsection (a) of this section or his obstruction of such examination shall deprive him of the right to compensation under this chapter during the continuance of such refusal or obstruction and the period of such refusal or obstruction shall be deducted from the period during which compensation would otherwise be payable.

Claimant has asserted that, because her financial status made travel to and from Wilmington impossible, Wilmington was an unreasonable place for her to be examined. Before addressing this issue, the legal authority of the IAB to dismiss claimant's petition requires consideration.

Section 2343(b) specifically sets forth the penalty to be imposed upon a claimant who refuses or obstructs the examination required by section 2343(a) as loss of the right to compensation during that period of refusal or obstruction. The penalty imposed by the IAB—dismissal of her petition—exceeds this statutory penalty.

The employer contends the IAB's authority to dismiss the claimant's petition is derived from 19 *Del.C.* §§ 2121(a) and 2122(a).[1] I find the employer's argument unpersuasive. Sections 2121(a) and 2122(a) contain grants of rulemaking authority that are general in nature. The authority granted to the IAB in section 2343(b) is specific and limited. In cases where there is conflict between a general and specific statute, the specific statute prevails over the general statute. *Hamilton v. State,* Del.Supr., 285 A.2d 807, 809 (1971); *Blue Cross & Blue Shield of Delaware, Inc. v. Elliott,* Del.Super., 449 A.2d 267, 270 (1982). As section 2343(b) specifically states the sanction which may be imposed upon the claimant here, that sanction cannot be enhanced pursuant to general grants of rulemaking power.

Caselaw is supportive of this holding. *Goudeaux v. General Motors Corp.,* Del. Super., C.A. No. 86A–JN–6, Martin, J. (July 28, 1987) [available on WESTLAW, 1987 WL 14865], involved a claimant who also failed to appear for three scheduled examinations. Instead of her petition being dismissed, the claimant only forfeited her

1. 19 *Del.C.* § 2121(a) and 2122(a) provide:

**§ 2121. Powers and duties generally.**

(a) The Board shall have jurisdiction over all cases arising under Part II of this title and shall hear disputes as to compensation to be paid under Part II of this title. The Board may make rules of procedure for carrying out Part II of this title to the same extent as the Superior Court pursuant to § 561(a) of Title 10. The Board shall furnish blanks for information and shall record all awards. The Board may compel attendance of witnesses and may limit their number and length of examination at any hearing.

**§ 2122. Hearings; subpoena of witnesses; oaths; service of process; fees.**

(a) The Board may issue subpoenas and administer oaths in any proceeding and in all other cases where it is necessary in the exercise of its power and duties. It may examine persons as witnesses, take evidence, require the production of documents and do all other things comfortable to law which are necessary to enable it effectively to discharge the duties of office. Such oaths may be administered and such subpoenas issued by any member of the Board.

right to compensation during her period of noncompliance with section 2343. In *Harris v. Chrysler Corp.*, Del.Super., C.A. No. 84A–MR–16, Balick, J. (Nov. 26, 1984), the claimant's uncooperative behavior deprived him of compensation "during the continuance of his refusal or obstruction, in accordance with 19 *Del.C.* § 2343(b)."

Furthermore, in *M & M, Inc. v. Wade*, Del.Super., 297 A.2d 403, 405 (1972), the Court held that the rulemaking authority of the Board under 19 *Del.C.* § 2121(a) does not empower the IAB to enact rules which contravene laws enacted by the Legislature. In order for such a rulemaking power to exist, it must be specifically stated in the rulemaking power granted by the Legislature. The rulemaking power under which the IAB dismissed the claimant's petition contained no such grant allowing contravention of 19 *Del.C.* § 2343(b). Based on the foregoing, I find the IAB committed legal error in dismissing claimant's petition. It only had authority to deny compensation to the claimant during her period of noncompliance with 19 *Del.C.* § 2343.

### III.

I am satisfied, however, that the IAB's decision that claimant failed to show good cause for failing to keep three separate appointments is supported by substantial evidence. As such, the claimant has not yet complied with 19 *Del.C.* § 2343(a), and compensation for her period of noncompliance is thereby forfeited.[2] *Goudeaux v. General Motors Corp., supra.*

The record indicates the IAB took claimant's financial situation into account before dismissing her petition. During the time period in which she missed the three appointments, claimant was receiving $212.00 in monthly welfare benefits. The eldest of claimant's three children was gainfully employed. Although there was conflicting testimony as to whether the claimant's husband was living with her during this time period, it is uncontroverted that he was also gainfully employed.

Furthermore, although she did not have a telephone at her residence, claimant testified that she used a pay telephone in attempting to arrange transportation through the Delaware Association of Specialized Transportation. Thus, there was evidence that the claimant had ability to either arrange transportation or properly cancel the evaluations.

Title 19, section 2343(a) states that, after providing for her own transportation to the first evaluation, the claimant's travel expenses incurred for any further evaluations would have been provided by her employer. Thus, providing for travel to and from Wilmington would have been a one-time expense for the claimant.

Based on the above evidence as to the sources of money available to her, it was not unreasonable to require claimant to provide transportation for one trip to Wilmington and back. Therefore, the IAB's decision that claimant's poor financial condition did not constitute good cause for missing three scheduled evaluations is supported by substantial evidence.

\*   \*   \*

Accordingly, the decision of the Industrial Accident Board to dismiss claimant's petition is REVERSED, and this matter is REMANDED for further proceedings consistent herewith. At such further proceedings, the IAB shall determine claimant's entitlement to benefits in light of the forfeiture pursuant to 19 *Del.C.* § 2343(b).

---

**2.** Because of the erroneous dismissal of the petition by the IAB, claimant was precluded from compliance with section 2343(a) after the dismissal. Claimant's entitlement to benefits shall not be affected by the period of time from the IAB dismissal until this remand of this matter to the IAB.