[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the claimant from a decision of the Employment Security Appeals Division, Board of Review, affirming the decision of the Appeals Referee. Pursuant to these decisions the plaintiff's weekly benefit rate was reduced in proportion to the pension and social security benefits actually received by her.
The legal issue on appeal is whether the Board of Review acted illegally, arbitrarily, and in abuse of its discretion when it affirmed the decision of the Appeals Referee. Specifically, CT Page 2559 the issue is whether General Statutes 31-277(g) is unconstitutional in that it discriminates against those who are over sixty-five years of age.
The Appeals Referee, in his decision dated March 5, 1992, found the following facts: The claimant initiated a claim for unemployment benefits with the Administrator's office effective May 27, 1990. (ROR 20). This claim was found to be monetarily valid, and the claimant began a valid benefit year which commenced on May 27, 1990 and ended on May 25, 1991. (ROR 20). On November 17, 1991, the claimant initiated a claim for Federal Extended Unemployment Compensation (hereinafter "EUC") benefits. (ROR 20). On December 19, 1991, the Administrator issued a monetary determination establishing the claimant's weekly benefit rate for the Federal EUC claim in the amount of $38.00. (ROR 20). This rate was based upon a reduction of her full weekly entitlement owing to her receipt of Social Security Benefits and a pension from her most recent employer. (ROR 20). Shortly thereafter, in December, 1991, the Administrator issued a second monetary determination further reducing the claimant's benefit rate to $34.00 per week effective December 29, 1991. (ROR 20). Once again, the claimant's weekly entitlement was reduced owing to her receipt of Social Security Benefits and a pension from her most recent private employer. (ROR 20).
On January 6, 1992, the claimant filed an appeal from the two monetary determinations issued in December, 1991, contending that the reduction of her weekly benefit amount owing to her entitlement and receipt of Social Security benefits and a pension was improper. (ROR 20). The Appeals Referee affirmed the decision of the Administrator on March 5, 1992. (ROR 20). On March 23, 1992, the claimant appealed the Referee's decision to the Board of Review. (ROR 27). On May 7, 1992, the Board of Review affirmed the decision of Referee. (ROR 27). On June 5, 1992, the claimant initiated her appeal to the Superior Court, pursuant to General Statutes 31-249b. (ROR 28).
 To the extent that an administrative appeal, pursuant to General Statutes 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the CT Page 2560 administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion.
United Parcel Service, Inc. v. Administrator, 209 Conn. 381,385-86, 551 A.2d 724 (1988).
The claimant lists numerous reasons why the decision of the Board of Review should be reversed. Despite this list, her argument is essentially that General Statutes 31-227(g), which allows the Administrator to reduce the amount of unemployment compensation benefits in proportion to the amount of social Security benefits actually being received, is unconstitutional in that it discriminates against those who are over sixty-five years of age.
As an initial matter, to the extent that the claimant making a facial challenge to the constitutionality of General Statutes 31-227(g), a declaratory judgment action is the more appropriate procedure to utilize. See Papa v. Department of Motor Vehicles, 5 CTLR 144 (October 16, 1991, Smith, J.). "The declaratory judgment procedure in Connecticut. . .is peculiarly well adapted to the judicial determination of controversies concerning constitutional rights and. . .the constitutionality of state legislative or executive action." Horton v. Meskill, 172 Conn. 615,626, 376 A.2d 359 (1977). This Court will treat this matter the way that the parties have and rule on the matter on its merits.
Neither counsel nor this court has found any Connecticut case deciding the constitutionality of the statutory offset for received Social Security benefits. It appears to be a question of first impression in this state.
A party challenging a statute on constitutional grounds "must establish its unconstitutionality beyond a reasonable doubt [,]" because a statute nears "a strong presumption of constitutionality. . . ." Calfee v. Usman, 224 Conn. 29, 33, ___ A.2d ___ (1992). "In the absence of weighty countervailing CT Page 2561 circumstances, it is improvident for the court to invalidate a statute on its face." Id.
General Statutes 31-227(g) provides:
 (g) With respect to benefit years beginning on or after October 1, 1981, for any week with respect to which an individual is receiving a pension, which shall include a governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment, under a plan maintained or contributed to by a base period employer, the weekly benefit rate payable to such individual for such week shall be reduced by the prorated weekly amount of the pension. Where contributions were made to the pension plan by the individual, the prorated weekly pension amount shall be reduced by the proportion which such individual's contributions bear to the total of all payments for such individual into the plan. If, as a result of the reduction made under the provisions of this subsection, the individual's weekly benefit rate is not a whole dollar amount, the weekly benefit rate payable to such individual shall be the next lower whole dollar amount. No reduction shall be made under this subsection by reason of the receipt of a pension, except in the case of pensions paid under the Social Security Act or the Railroad Retirement Act of 1974, if the services performed by the individual during the base period for such employer or remuneration received for such services, did not affect the individual's eligibility for, or increase the amount of, such pension, retirement or retired pay, annuity, or similar payment.
This provision, added to General Statutes 31-227 by Public Act 81-318, closely resembles the provision contained in26 U.S.C. § 3304(a)(15), part of the Federal Unemployment Tax Act,26 U.S.C. § 3301 et seq.
26 U.S.C. § 33304(a)(15) provides:
(15) the amount of compensation payable to an CT Page 2562 individual for any week which begins after March 31, 1980, and which begins in a period with respect to which such individual is receiving a governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment which is based on the previous word of such individual shall be reduced (but not below zero) by an amount equal to the amount of such pension, retirement or retired pay, annuity, or other payment, which is reasonably attributable to such week except that —
 (A) the requirements of this paragraph shall apply to any pension, retirement or retired pay, annuity, or other similar periodic payment only if —
 (i) such pension, retirement or retired pay, annuity, or similar payment is under a plan maintained (or contributed to) by a base period employer or chargeable employer (as determined under applicable law), and
 (ii) in the case of such a payment not made under the Social Security Act or the Railroad Retirement Act of 1974 (or the corresponding provisions of prior law), services performed for such employer by the individual after the beginning of the base period for remuneration for such services) affect eligibility for, or increase the amount of, such pension, retirement or retired pay, annuity, or similar payment, and
 (B) the State law may provide for limitations on the amount of any such a reduction to take into account contributions made by the individual for the pension, retirement or retired pay, annuity, or other similar periodic payment;
This provision of the Federal Unemployment Tax Act has been the subject of numerous lawsuits involving situations similar to that presently before the court.
In Rivera v. Becerra, 714 F.2d 887, (9th Cir. 1983) CT Page 2563 cert. denied sub nom. International Union UAW v. Donovan,465 U.S. 1099, 104 S.Ct. 1591, 80 L.Ed.2d 124 (1984), the claimant, after retiring on his Social Security pension and private pension, took a part-time job, earning about $100.00 per week. He was eventually laid off from this job and applied for unemployment insurance benefits. Because of his pensions, the claimant was determined to be ineligible for the $54.00 per week in unemployment insurance benefits, to which he otherwise would have been entitled. Id. 888.
In holding that the Social Security benefits offset the unemployment benefits, the court stated:
 Section 3304(a)(15)(A)(i) says that if a base period employer contributes to social security, then the unemployment benefits must be offset by the social security benefits. The statutory language does not permit another interpretation. The offset applies under section 3304(a)(15)(A)(i) if the base period employer "contributed" to the "plan" from which the pension benefits are derived. Unlike section 3304(a)(15)(A)(ii), which does not apply to social security benefits, section 3304(a)(15)(A)(i) does not say the offset will not apply if the base period contributions did not affect eligibility for or the amount of the pension benefits.
Id. 892. See also Peare v. McFarland, 778 F.2d 354 (7th Cir. 1985): Bleau v. Hackett, 598 F. Sup. 727 (1984); Hampton v. Daniels, 616 S.W.2d 757 (1981).
In Rivera, supra, the claimant further argued that if section 3304(a)(15)(A)(ii) was interpreted to require the offset of any pension benefits which increased as a result of base period employment, then it violated the Constitution's equal protection guarantee.
In upholding the district court's determination that Section 3304(a)(15)(A) is not violative of the equal protection clause, the court first noted that the classifications in Section 3304(a)(15)(A) must only bear a rational relationship to a legitimate state interest in order to pass constitutional muster. Id., 895. It further noted that: CT Page 2564
 [i]n the district court's view, Congress has several purposes, not always consistent with each other. Congress was attempting to (1) eliminate the possibility of a truly retired worker collecting unemployment benefits, (2) "avoid forcing employers to be concurrently responsible for both unemployment insurance and pension benefits arising from the same period of employment," (3) "preserve the program's fiscal integrity by tightening eligibility standards," and (4) create classifications that could be easily administered. 524 F. Supp. at 145-46. The district court determined that, although the classifications in section 3304(a)(15)(A) may not do a perfect job of sorting, they are justified by their ease of administration. Id. at 146.
Id.
The court then held that "[s]ection 3304(a)(15)(A) is not violative of the equal protection clause for the reasons given by the district court." Id. Similarly, in Lowicki v. Unemployment Insurance Appeal Board, 460 A.2d 535 (Del.Super. 1983), the court held that the statutory offset of Social Security benefits received by a claimant from the amount of unemployment compensation is not unconstitutional either for due process or equal protection purposes, and does not constitute a taking without just compensation. Id. 538. The court in Lowicki noted that the claimant had failed to show that the provisions of26 U.S.C.A. 3304(A)(15) and the correlative Delaware statute were not rationally related to a legitimate governmental purpose. Id. 539.
Based on the foregoing, General Statutes 31-227(g) is not unconstitutional. Bennett v. Arkansas 385 U.S. 395,108 S.Ct. 1204, 99 L.Ed.2d 455 (1988), relied upon by the claimant for the proposition that no state may make rules which will abrogate or modify Social Security payments, is distinguishable from the present case. In Bennett, the Arkansas statute at issue allowed the state to attach the Social Security benefits paid to individuals incarcerated in Arkansas prisons. The court held that this statute was in direct conflict with 42 U.S.C. § 407(a) (1982 ed., Supp III) which "unambiguously rules out any attempt to CT Page 2565 attach Social Security benefits." Id., 397. Unlike Bennett, the present case does not involve an attempt to attach Social Security benefits. Rather, the statute at issue here is specifically authorized by the Federal Unemployment Tax Act, and does not in any way modify or abrogate Social Security payments.
The appellant has failed to overcome the strong presumption of constitutionality.
The appeal is dismissed.
Clark, J.