■ In the Matter of the Claim of IRWIN A. POWELL, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— HERLIHY, P. J. Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board, dated October 8, 1969, which sustained an initial determination of the Industrial Commissioner reducing appellant's benefit rate pursuant to section 600 of the Labor Law because of a retirement pension. The appellant does not dispute that the statute required his rate to be reduced or that the rate determined is mathematically correct. (Cf. *Matter of Jackson* [*Catherwood*], 24 A D 2d 1038, affd. 20 N Y 2d 863.) He asserts that such a reduction is a violation of the privilege and immunity clause of the United States Constitution because not all of the 50 states require such a reduction in benefits and further, his brief might be considered as asserting a taking of his property rights in unemployment benefits. While the right to benefits is earned in the sense that one must work in order to qualify, it is nevertheless apparent that in this State the employee makes no direct contributions and, accordingly, has no right to receive the same except as provided by statute. Unemployment Insurance benefits are for the purpose of providing income when employees are presumably without earned income, and we perceive no constitutional question involved in relation to what other states might or might not consider to be deductible income from such benefits. The fact that appellant might have delayed taking his pension and thereby have been entitled to full insurance benefits points up a possible inequity in that one might utilize unemployment benefits for subsistence until qualifying for a higher pension by virtue of older age, but in any event the unemployed person will receive the equivalent of his maximum benefit rate during the covered period of his unemployment. Decision affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Herlihy, P. J.