■ In the Matter of the Claim of MARTIN LISS, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 25, 1980, which affirmed the decision of the Administrative Law Judge sustaining an initial determination of the Industrial Commissioner reducing claimant's benefit rate pursuant to subdivision 7 of section 600 of the Labor Law from $125 per week to zero effective April 7, 1980. On February 1, 1980, claimant lost his employment as a mail room supervisor at Berkey Marketing Company under nondisqualifying conditions. He thereafter commenced receiving a Federal pension of $1,125 per month which resulted from his former employment in the Federal civil service and also Social Security benefits which totaled $248 per month through June, 1980 and $292 per month beginning July 1, 1980. Since he was thus receiving pension benefits in excess of his established unemployment benefit rate of $125 per week, the board, pursuant to subdivision 7 of section 600 of the Labor Law, reduced his unemployment benefit rate from $125 per week to zero effective April 7, 1980. This appeal ensued. Seeking a reversal of the board's decision, claimant basically argues that subdivision 7 of section 600 of the Labor Law is unconstitutional in that it discriminates against senior citizens and pensioners. We disagree. In so ruling, we would emphasize that one who asserts the invalidity of a statute bears a heavy burden and that the Legislature may properly classify persons without infringing upon the constitutional guarantee of equal protection as long as the distinction made is reasonable and has "some relevance to the purpose for which the classification is made" (Neale v Hayduck, 35 NY2d 182, 186, app dsmd 420 US 915; see, also, Matter of Pratt v Tofany, 37 AD2d 854). The statutory classification challenged herein plainly passes this test. Through their years of employment, pensioners and Social Security recipients have earned the retirement income which they receive in the form of monthly pension and Social Security payments. That being so, the distinction made in the statute whereby the unemployment benefits of these people are reduced while the benefits of other persons are not is rational and bears a direct relationship to the underlying purpose of the Unemployment Insurance Law, which is to provide income to unemployed workers who are without earned income. Moreover, it is likewise to be remembered that employees make no contributions to the unemployment insurance fund from which the benefits are paid (see Labor Law, § 570), and, therefore, they have no right to receive benefits except as provided by statute. Under these circumstances, the statute has not been shown to be dis-

criminatory, and it clearly passes constitutional muster (see *Matter of Powell [Catherwood]*, 34 AD2d 594). Lastly, we would note that claimant, who is not an employer, obviously lacks the necessary standing to attack the constitutional validity of the statute at issue with respect to its effect on employers *(Matter of Bell v Levitt*, 44 AD2d 742, mot for lv to app den 34 NY2d 518). Decision affirmed, without costs. Kane, J.P., Main, Casey, Mikoll and Herlihy, JJ., concur.