Cecil HAMPTON *v.* Charles L. DANIELS,
Director of Labor

E 80-219                                    616 S.W. 2d 757

Court of Appeals of Arkansas
Opinion delivered June 3, 1981

*Truman E. Yancey*, for appellant.

*Thelma Lorenzo*, for appellee.

DONALD L. CORBIN, Judge. This is an appeal from denial of unemployment insurance benefits. Appellant filed his claim for unemployment benefits on May 2, 1980. The Appeal Tribunal, on June 20, 1980, and the Board of Review, on July 29, 1980, affirmed the agency's denial of benefits.

Appellant is retired and receives Social Security benefits. After retirement and while receiving Social Security benefits, appellant was employed and then terminated from employment under conditions rendering him eligible to receive unemployment insurance benefits. He was denied benefits based upon Section 5 (f) (4) (B) of the Arkansas Employment Security Law [Ark. Stat. Ann. § 81-1106 (f) (4) (B) (Supp. 1979)] which provides in part:

> For any week of unemployment which begins after March 31, 1980, any governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment received with respect to such week and which is based on the previous work of any individual claiming benefits; provided, that the amount of unemployment benefits payable to such individual for such week shall be reduced (but not below zero) by an amount equal to the amount of such pension, retirement or retired pay, annuity, or other payment, which is reasonably attributable to such week.

The sole issue before this court is whether, as a matter of law, the reduction of claimant's unemployment insurance benefits mandated by Section 5 (f) (4) (B) includes retirement benefits received from the Social Security Administration.

On October 20, 1976, Pub. L. 94-566 was enacted by Congress. This Public Law, known as the Unemployment Compensation Amendments of 1976, mandated that states make a large number of changes to their law in order to comply with the Federal Unemployment Tax Act and the Social Security Act provisions for certification. (26 U.S.C.A. §§ 3302, 3303, 3304 and 42 U.S.C.A. § 503.) Section 314 of Pub. L. 94-566 contained the following provision:

> *General Rule.* — Subsection (a) of section 3304 of the Internal Revenue Code of 1954 (relating to requirements for approval of State unemployment compensation laws) is amended by redesignating paragraph (13) as paragraph (16) and by inserting after paragraph (12) the following new paragraphs:
>
> . . .
>
> "(15) the amount of compensation payable to an individual for any week which begins after September 30, 1979, and which begins in a period with respect to which such individual is receiving a governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment which is based on the previous work of such individual shall be reduced (but not below zero) by an amount equal to the amount of such pension, retirement or retired pay, annuity, or other payment, which is reasonably attributable to such week;"[1]

The legislative intent behind the above quoted language was clearly stated as that of insuring that states "would be required to reduce the unemployment compensation of an individual by the amount of any public or private pension (including social security retirement benefits and railroad retirement benefits) based on the claimant's previous employment." *U.S. Code Congressional and Administrative News*, 94th Congress, Second Session, 1976, "Unemployment Compensation Amendments of 1976," 90 Stat. 2667, 2680, p. 6040.

---

[1] The "Emergency Unemployment Compensation Extension Act of 1977", Pub. L. 95-19, Section 302(e), amended this paragraph by inserting "March 31, 1979" in lieu of "September 30, 1979."

Immediately after the passage and approval of Pub. L. 94-566, the Arkansas General Assembly enacted Act 376 of 1977. The intent of Act 376 of 1977 was expressed in Section 21 as follows:

[I]n order to receive the benefits of Federal law and to comply with the mandate of the United States Congress as provided in United States Public Law 94-566. . . .

Section 11 of Act 376 of 1977 provides:

Paragraph (4) of subsection (f) of Section 5 of Act 391 of 1941, as amended, the same being Arkansas Statutes 81-1106 (f) (4), is hereby amended to read as follows:

(A) . . . .

(B) For any week of unemployment which begins after September 30, 1979, any governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment received with respect to such week and which is based on the previous work of any individual claiming benefits; provided, that the amount of unemployment benefits payable to such individual for such week shall be reduced (but not below zero) by an amount equal to the amount of such pension, retirement or retired pay, annuity, or other payment, which is reasonably attributable to such week.

Section 8 of Arkansas Act 492 of 1979 amended Section 5 (f) (4) (B) of the Employment Security Law, as set forth above, by substituting "March 31, 1980" for "September 30, 1979." This enabled the effective date of Section 5 (f) (4) (B) to conform with the effective date of the parallel provision in the Federal Unemployment Tax Act as established by Section 302 (e) of Pub. L. 95-19.

Clearly, both the federal and state legislative intent was to reduce a claimant's unemployment insurance benefits if he was receiving Social Security retirement benefits.

Claimant cites *Commissioner of Labor* v. *Renfroe*, 253 Ark. 380, 486 S.W. 2d 73 (1972) as additional support for his contention that Social Security retirement benefits are not disqualifying remuneration under Section 5 (f) (4) (B). The *Renfroe* decision is inapplicable because it was handed down by the Arkansas Supreme Court in 1972 and was based on the language in Section 5 (f) (4) of the Arkansas Employment Security Law that was in effect at that time. As noted, the language was subsequently amended in 1977.

We affirm.