71715. METROPOLITAN ATLANTA RAPID TRANSIT
AUTHORITY v. BARNHOLDT.
71716. TANNER et al. v. BARNHOLDT.
(346 SE2d 105)

BIRDSONG, Presiding Judge.

These appeals were granted in one case. The Board of Employment Security Agency, Department of Labor, reduced Barnholdt's unemployment compensation by the amount of Social Security payments he received, under OCGA § 34-8-153 (e) (1) (A). That code section requires reduction of weekly unemployment benefits by "a governmental or other pension retirement or retired pay, annuity, or any other similar periodic payment which is based on the previous work of such individual . . . [only if:] (A) Such pension, retirement, or retired pay, annuity, or similar payment is under a plan maintained or contributed to by a base-period employer or chargeable employer as determined under applicable law; and (B) *In the case of such a payment not made under the Social Security Act* or the Railroad Retirement Act of 1974 or the corresponding provisions of prior law, services performed for such employer by the individual. after the beginning of the base-period (or remuneration for such services) affect eligibility for or increase the amount of such pension, retirement or retired pay, annuity, or similar payment." (Emphasis supplied.)

The superior court reversed the decision of the Department of Labor and found that the emphasized language just quoted means Social Security payments are specifically excluded from the language requiring the offset of any retirement pay or similar payments against an individual's unemployment benefits.

In short, the Department of Labor and the superior court reached directly opposite conclusions from the same language.

We find the statute in § 34-8-153 (e) clearly provides by definition that Social Security payments shall be offset against unemployment compensation. OCGA § 34-8-153 (e) (1) (A) says "governmental or other pension retirement or retired pay . . . or any other similar period payment based . . . on the previous work" offsets unemployment benefits if the base-period employer makes contributions to such a plan. This clearly refers to Social Security payments. See *Rivera v. Becerra*, 714 F2d 887, 893 interpreting the Federal Unemployment Tax Act, 26 USCA § 3304 (a) (15) (i). The following subparagraph, § 34-8-153 (e) (1) (B), does not exclude Social Security benefits from the offset requirement, but refers to private pensions (i.e., "payment not made under the Social Security Act or Railroad Retirement Act of 1974"). See *Rivera v. Becerra*, pp. 894-895.

Accordingly, the superior court erred in holding that § 34-8-153 (e) (1) excludes Social Security payments from the requirement that unemployment benefits be off-set by retirement payments or pen-

sions.

The contention in MARTA's appeal (case no. 71716) that Barnholdt's appeal to the superior court was fatally defective is rendered moot by the reinstatement here of the Department of Labor's ruling offsetting Barnholdt's Social Security payments against his unemployment benefits.

*Judgment reversed. Banke, C. J., and Sognier, J., concur.*

DECIDED JUNE 6, 1986.

*Melinda K. Wells,* for appellant (case no. 71715).

Terry J. Barnholdt, *pro se* (case nos. 71715, 71716).

*Michael J. Bowers, Attorney General, James P. Googe, Executive Assistant Attorney General, Marion O. Gordon, First Assistant Attorney General, Wayne Yancey, Senior Assistant Attorney General, Rita Llop, Assistant Attorney General,* for appellant (case no. 71716).