LOREN VAUGHT, Plaintiff-Appellee, v. THE DEPARTMENT OF LABOR *et al.*, Defendants-Appellants.

Second District   No. 2—86—0388

Opinion filed February 12, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Diane M. Curry, Assistant Attorney General, of Chicago, of counsel), for appellants.

Mary E. Krick, of Prairie State Legal Services, Inc., of Rockford, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, Loren Vaught, filed for unemployment compensation after termination of his employment. Although it was determined that plaintiff was eligible to receive unemployment insurance benefits, a claims adjuster found that plaintiff received $806 a month in social security and that 50% of that was disqualifying income. Accordingly, plaintiff's weekly unemployment insurance benefit was reduced by

$94. Plaintiff appealed the claims adjuster's decision. Following a hearing, the referee affirmed the decision of the claims adjuster, which was in turn affirmed by the Board of Review of the Illinois Department of Labor. Thereafter, plaintiff filed a complaint for administrative review in the circuit court of Winnebago County. The circuit court reversed the decision of the referee. The defendants appeal.

On January 25, 1983, at the hearing before the referee, plaintiff testified that he had worked as an operator of engineers for 35 years prior to being "laid off" on June 25, 1982. At that time, plaintiff was 72 years of age. He received $794 a month from social security, after a deduction for Medicare was made from the total monthly social security payment of $806.20. The referee affirmed the determination of the claims adjuster that under section 611(A)(2) of the Illinois Unemployment Insurance Act (Ill. Rev. Stat. 1983, ch. 48, par. 441(A)(2)) (hereinafter referred to as the Act), 50% of plaintiff's social security payments was disqualifying income. On April 29, 1983, the Board of Review affirmed the referee's decision. On June 2, 1983, plaintiff filed a complaint for judicial review of the Board of Review's decision. On April 3, 1986, the circuit court issued an order finding that the decision of the Board of Review was contrary to the manifest weight of the evidence and reversed its decision. This appeal followed.

Defendants contend that the Department of Labor correctly found 50% of plaintiff's social security payments to be disqualifying income under section 611(A)(2)(b) of the Act because social security old age benefits are retirement payments from a trust. (Ill. Rev. Stat. 1983, ch. 48, par. 441(A)(2)(b).) Plaintiff argues that section 611 only disqualifies retirement pay, and that since plaintiff had not retired, but was terminated and is an active part of the labor market, section 611 is inapplicable.

An unemployed person is eligible for unemployment insurance benefits if, *inter alia*, he is actively seeking work. (Ill. Rev. Stat. 1983, ch. 48, par. 420.) However, disqualifying income offsets unemployment insurance benefits under section 611 of the Act, which provides as follows:

"For the purposes of this Section 'disqualifying income' means:

* * *

2. One-half the amount which an individual has received or will receive with respect to a week in the form of a retirement payment (a) from an employment unit for which he per-

formed services and which pays some, but not all, of the cost of such retirement payment, or (b) from a trust, annuity or insurance fund or under an annuity or insurance contract, to or under which an employing unit for which he performed services pays or has paid some, but not all, of the premiums or contributions.

3. Notwithstanding paragraph 1 and 2 above, the entire amount which an individual has received or will receive, with respect to any week which begins after March 31, 1980, of any governmental or other pension, retirement, or retired pay, annuity or any other similar periodic payment which is based on any previous work of such individual. This paragraph shall be in effect only if it is required as a condition for full tax credit against the tax imposed by the Federal Unemployment Tax Act.

\* \* \*

C. An individual shall be ineligible for benefits for any week with respect to which his disqualifying income equals or exceeds his weekly benefit amount. If such disqualifying income with respect to a week totals less than the benefits for which he would otherwise be eligible under this Act, he shall be paid, with respect to such week, benefits reduced by the amount of such disqualifying income.

D. To assure full tax credit to the employers of this State against the tax imposed by the Federal Unemployment Tax Act, the Director shall take any action as may be necessary in the administration of paragraph 3 of subsection A of this Section to insure that the application of its provisions conform to the requirements of such Federal Act as interpreted by the United States Secretary of Labor or other appropriate Federal Agency." Ill. Rev. Stat. 1983, ch. 48, par. 441.

Persons who are fully insured and are at least 62 years of age are entitled to social security old age benefits. (42 U.S.C.A. sec. 402(a) (West 1983).) Until one is 72 years of age, deductions may be made from social security payments if one is charged with excess earnings. 42 U.S.C.A. secs. 403(b)(2) (West. Supp. 1986), 403 (f)(1)(B) (West 1983).

■ Plaintiff contends that section 611 is inapplicable to him because he has not retired from the labor market. However, if the statute is meant only to disqualify retirement pay of those persons who have actually retired, then the statute would be superfluous. If one is not seeking work, one would be ineligible for unemployment

insurance benefits because such a claimant must actively seek work to become eligible. (Ill. Rev. Stat. 1983, ch. 48, par. 420; see *Stricklin v. Annunzio* (1952), 413 Ill. 324; *Fleiszig v. Board of Review of the Division of Unemployment Compensation of the Department of Labor* (1952), 412 Ill. 49 (pre-section 611 cases which found unemployment insurance benefits unavailable to claimants who evidenced intention to retire from labor).) Therefore, section 611 must apply to those "retirement" payments which are received by persons who, nevertheless, are actively seeking to return to work. See *Benekos v. Cleary* (1976), 65 Ill. 2d 568 (section 611 applied to disqualify one-half of retirement pension of claimant who voluntarily retired from government service to seek other employment).

Social security old age insurance benefits are paid from a trust to which an employer pays some of the contributions (see 26 U.S.C.A. sec. 3111 (West 1979).) Therefore, the issue presented is whether these benefits were retirement payments under section 611(A)(2). This type of benefits has been offset against unemployment insurance benefits under the statutes of other jurisdictions. See *Hampton v. Daniels* (1981), 2 Ark. App. 83, 616 S.W.2d 757 (unemployment benefits offset by social security benefits under State statute which adopted language of Federal Unemployment Tax Act); *Metropolitan Atlanta Rapid Transit Authority v. Barnholdt* (1986), 179 Ga. App. 312, 346 S.E.2d 105 (unemployment benefits offset by social security payments under State statute which adopted language of Federal Unemployment Tax Act providing for offset of "governmental or other pension retirement or retired pay \*\*\* or any other similar periodic payment which is based on the previous work"); *Eskra v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review* (1985), 92 Pa. Commw. 437, 440, 499 A.2d 722, 724 (unemployment benefits offset by social security payments found to be a pension under State statute which adopted language of Federal Unemployment Tax Act); see also *Kneeland v. Administrator, Unemployment Compensation Act* (1952), 138 Conn. 630, 88 A.2d 376; *Turner v. Boise Lodge No. 310* (1956), 77 Idaho 465, 295 P.2d 256; *cf. Commissioner of Labor v. Renfroe* (1972), 253 Ark. 380, 486 S.W.2d 73; *Moore v. Board of Review, Bureau of Unemployment Compensation* (1956), 165 Ohio St. 526, 527, 138 N.E.2d 245, 247 (statute specifying disqualification of social security income).

The Federal Unemployment Tax Act (see 26 U.S.C.A. sec. 3304 (a)(15) (West Supp. (1986)), the language of which is found in the statutes of other jurisdictions, imposes an excise tax on employers

but allows up to 90% credit against the tax in the amount of the employers' State unemployment compensation contributions (26 U.S.C.A. secs. 3301, 3302 (West 1979 & Supp. 1986)). An employer only receives a credit if his State's unemployment compensation laws comply with minimum Federal standards. 26 U.S.C.A. sec. 3304(a) (West 1979 & Supp. 1986). See generally *Gleason v. Ohio Bureau of Employment Services* (1985), 17 Ohio St. 3d 107, 478 N.E.2d 225.

Section 3304(a)(15) of the Federal Unemployment Tax Act provides that the Secretary of Labor shall approve any State law which he finds provides that:

"the amount of compensation payable to an individual for any week which begins after March 31, 1980, and which begins in a period with respect to which such individual is receiving a governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment which is based on the previous work of such individual shall be reduced (but not below zero) by an amount equal to the amount of such pension, retirement or retired pay, annuity, or other payment, which is reasonably attributable to such week except that —

(A) the requirements of this paragraph shall apply to any pension, retirement or retired pay, annuity, or other similar periodic payment only if —

(i) such pension, retirement or retired pay, annuity, or similar payment is under a plan maintained (or contributed to) by a base period employer or chargeable employer (as determined under applicable law), and

\*\*\*

(B) the State law may provide for limitations on the amount of any such a reduction to take into account contributions made by the individual for the pension, retirement or retired pay, annuity, or other similar periodic payment." (26 U.S.C.A. sec. 3304(a)(15) (West Supp. 1986).)

The statute has been construed by the Federal courts as requiring unemployment compensation benefits to be reduced by social security benefits. See, *e.g.*, *Bowman v. Stumbo* (6th Cir. 1984), 735 F.2d 192; *Rivera v. Becerra* (9th Cir. 1983), 714 F.2d 887.

Subsections (A) and (B) of section 3304(a)(15) were added on September 26, 1980, to apply to the certification of State laws in 1981 and thereafter. (Multiemployer Pension Plan Amendments Act of 1980, Pub. L. No. 96-364, 94 Stat. 1208 (1980).) Subsection (B) allows but does not require a State to deduct less than the entire

amount of the disqualifying payments to take into account an individual's contributions. Some States continue to offset the entire amount of pension payments. 13 Unempl. Ins. Rep. (CCH) par. 1995, at 4524-25.

Illinois only adopted the language of section 3304(a)(15) on the type of payments that would be disqualifying in section 611(A)(3), which provides that the paragraph will only be in effect if the paragraph is required as a condition for full tax credit. However, as the Federal statute was amended in 1980 by the addition of section 3304(a)(15)(B) to permit less than 100% deduction of disqualifying income from State unemployment compensation benefits, section 611(A)(3) as it stands, providing for the deduction of the *entire* amount of disqualifying income, is not in effect because it is not required as a condition for full tax credit under the Federal Unemployment Tax Act. Therefore, only section 611(A)(2) must be examined to determine whether plaintiff's social security payments were properly found to be disqualifying.

■ On its face, section 611(A)(2) arguably covers plaintiff's social security old age insurance benefits. The statute has been interpreted to include retirement payments made to one who continues to seek work. (*Benekos v. Cleary* (1976), 65 Ill. 2d 568.) However, section 611 previously specifically provided for partial disqualification of old age benefits:

> 3. "One-half the amount which an individual has received or will receive with respect to a week in the form of an old age insurance benefit under Title II of the Federal Social Security Act.
>
> B. *** Whenever an individual has received or will receive an old age insurance benefit for a month under Title II of the Federal Social Security Act, an amount shall be deemed to have been paid him for each day equal to one-thirtieth of such old age insurance benefit." (Ill. Rev. Stat. 1957, ch. 48, par. 441.)

These provisions were deleted by a 1959 amendment. (1959 Ill. Laws 2169.) As social security old age insurance benefits were once specifically provided for, section 611(A)(2) was not meant to cover these benefits. Since these provisions were deleted, it must have been the intention of the legislature that those benefits were no longer to be disqualifying income. See *Kneeland v. Administrator, Unemployment Compensation Act* (1952), 138 Conn. 630, 633-34, 88 A.2d 376, 378 (removal from unemployment compensation statute of provision for the disqualification of social security old age insurance

346

benefits indicated legislature's intention that receipt of social security should not preclude the receipt of unemployment benefits).

Therefore, we hold that section 611(A)(2) does not disqualify social security benefits where the claimant otherwise qualifies for unemployment insurance benefits.

The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

LINDBERG, P.J., and INGLIS, J., concur.