ROBERTS, Justice,
for the Court:
This appeal comes to us from an order of the Circuit Court of the First Judicial District of Hinds County, Judge William F. Coleman, presiding, affirming the decision of the Board of Review of the Mississippi Employment Security Commission, denying Robert Sanders unemployment benefits for any week claimed after January 2, 1993, because he was paid Social Security benefits which exceeded his weekly unemployment benefit amount. Feeling aggrieved by the decision, Sanders appeals to this Court, raising the following issues:
I. WHETHER BEING ELIGIBLE TO RECEIVE SOCIAL SECURITY BARS AN INDIVIDUAL THE RIGHT TO RECEIVE UNEMPLOYMENT COMPENSATION BENEFITS.
II. WHETHER UNDER THE FACTS OF THIS CASE THE LOWER COURT ERRED IN HOLDING THAT SANDERS WAS NOT ENTITLED TO UNEMPLOYMENT COMPENSATION BENEFITS.
Finding that unemployment compensation benefits should- be offset by the amount of Social Security received when the base-period employer has contributed to the system and that Sanders’ Social Security benefits did so exceed his unemployment benefits, we affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

In 1991, Robert Sanders (“Sanders”) established eligibility for Social Security old-age benefits in the amount of $740.00 per month and began receiving benefits at that time. In October of 1991 Sanders secured employment with North Star Television in Jackson, Mississippi. He remained employed with North Star until his discharge on October 9, 1992. Sanders then filed a claim for unemployment benefits effective October IT, 1992. Sanders was denied benefits pursuant to Miss.Code Ann. § 71-5-513(A)(6) because his Social Security benefits exceeded his unemployment compensation benefits.
Sanders appealed the decision of the Mississippi Employment Security Commission (“Commission”) to the Commission’s Board of Review (“Board”). The Board found that Sanders was paid the $740.00 per month in Social Security benefits during the period he was claiming unemployment benefits in October, November, and December of 1992. However, the Social Security Administration later determined that Sanders’ earnings during 1992 made him ineligible for those benefits which had been paid to him in 1992 and such payments were established as an over *637 payment by the Social Security office. Because of his unemployment and subsequent reduction in expected income in 1993, the Social Security Administration determined that Sanders was again eligible for benefits beginning in January of 1993. In a letter to Sanders, the Social Security office stated that if the overpayment of $8545.00 was not repaid within 30 days Sanders’ benefits for which he was again eligible would be withheld beginning in May 1993 until May 1994, as reimbursement for the 1992 overpayment of benefits. Because of the Social Security Administration’s action the Board modified the Commission’s decision finding that
[although claimant (Sanders) was paid Social Security benefits during the period for which he was claiming unemployment benefits in 1992, it was determined by the Social Security administration the claimant was not eligible for such social security payment in 1992 and the payments made to him has [sic] been established as an overpayment. For the purposes of the claimant’s eligibility for unemployment compensation benefits, it must be held that claimant was not eligible for social security retirement benefits in 1992 and was not paid social security benefits within the meaning of the Law. The claimant would, therefore, be eligible for unemployment compensation for the weeks for which claims were properly made in 1992.
The claimant is eligible for social security retirement benefits in 1993 and is being constructively paid such benefits although the claimant may not actually be receiving payments of social security benefits. Such benefits are being applied to the overpay-ments of benefits paid to him in 1992. He would not be eligible for unemployment compensation benefits from which he has claimed benefits in 1993 because the social security retirement benefits which are being constructively paid to him during such period exceed his weekly benefit amount of $165.00.
Sanders appealed the Board’s decision to the Circuit Court for the First Judicial District of Hinds County. The Circuit Court affirmed the Board’s decision in an order dated October 23, 1993, stating:
the Court having read the record in detail, including briefs of parties, having heard oral argument, and being fully advised, is of the opinion that claimant is ineligible for unemployment benefits for any week after January 2, 1993, because he was paid Social Security which exceeded his weekly unemployment benefit amount.
Once again Sanders appealed, this time to this Court.

DISCUSSION OF ISSUES

I. WHETHER BEING ELIGIBLE TO RECEIVE SOCIAL SECURITY BARS AN INDIVIDUAL THE RIGHT TO RECEIVE UNEMPLOYMENT COMPENSATION BENEFITS.
In this issue Sanders argues that the lower court erred in holding the receipt of Social Security benefits in excess of unemployment benefits for which he would otherwise be eligible disqualified him from receiving such unemployment benefits. Miss.Code Ann. § 71-5-513A(6) states in pertinent part:
An individual shall be disqualified for benefits: for any week with respect to which he is receiving or has received remuneration in the form of payments under any governmental or private retirement or pension plan, system or policy which a base-period employer is maintaining or contributing to or has contributed to on behalf of the individual; provided, that if the amount payable -with respect to any week is less than the benefits which would otherwise be due under Section 71-5-501, he shall be entitled to receive for such week, if otherwise eligible, benefits reduced by the amount of such remuneration.
Sanders maintains that Social Security is a form of contributory social insurance and not a “retirement or pension” as contemplated under Miss.Code Ann. § 71-5-513A(6). The Commission on the other hand argues that Social Security benefits are covered under the statute and points to the holdings in a number of other jurisdictions that unemployment benefits are to be offset by Social Security benefits.
*638 The Federal Unemployment Tax Act (“FUTA”), codified as part of the Internal Revenue Code at 26 U.S.C.A. § 3301, et seq. imposes an excise tax on employers, but allows a credit of up to 90% against the tax in the amount of the employer’s contributions to the state unemployment compensation fund if that State’s unemployment compensation laws are certified by the Secretary of Labor. 26 U.S.C.A. §§ 3301-3302. FUTA provides that the Secretary of Labor shall approve any State law'which he finds is in compliance with the standards of § 3304. The provision at issue here reads:
§ 3304(a)(15) the amount of compensation payable to an individual for any week which begins after March 31, 1980, and which begins in a period with respect to which such individual is receiving a governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment which is based on the previous work of such individual shall be reduced (but not below zero) by an amount equal to the amount of such pension, retirement or retired pay, annuity, or other payment, which is reasonably attributable to such week except that—
(A) the requirements of this paragraph shall apply to any pension, retirement or retired pay, annuity, or other similar periodic payment only if—
(i) such pension, retirement or retired pay, annuity, or similar payment is under a plan maintained (or contributed to) by a base period employer or chargeable employer (as determined under applicable law), and
(ii) in the ease of such a payment not made under the Social Security Act or the Railroad Retirement Act of 1974 (or the corresponding provisions of prior law), services performed for such employer by the individual after the beginning of the base period (or remuneration for such services) affect eligibility for, or increase the amount of, such pension, retirement or retired pay, annuity, or similar payment, and
(B) the State law may provide for limitations on the amount of any such a reduction to take into account contributions made by the individual for the pension, retirement or retired pay, annuity, or other similar periodic payment....
The overwhelming majority of jurisdictions which have addressed the issue of whether 26 U.S.C.A. § 3304(a)(15)(A)(i) requires that unemployment compensation benefits be offset by the amount of Social Security benefits received by the unemployed worker have held that unemployment compensation benefits must be offset by the amount of Social Security benefits received where the base period employer contributed to the Social Security system. See Cabaniss v. Florida Unemployment Appeals Commission, 589 So.2d 440 (Fla.Dist.Ct.App. 3rd Dist.1991); Edwards v. Valdez, 789 F.2d 1477 (10th Cir.1986); Metropolitan Atlanta Rapid Transit Authority v. Barnholdt, 179 Ga.App. 312, 346 S.E.2d 105 (1986); Peare v. McFarland, 778 F.2d 354 (7th Cir.1985); Eskra v. Commonwealth, Unemployment Compensation Bd. of Review, 92 Pa.Commw. 437, 499 A.2d 722 (1985); Bowman v. Stumbo, 735 F.2d 192 (6th Cir.1984); Rivera v. Becerra, 714 F.2d 887 (9th Cir.1983), cert. denied, 465 U.S. 1099, 104 S.Ct. 1591, 80 L.Ed.2d 124 (1984); Lowicki v. Unemployment Insurance Appeal Board, 460 A.2d 535 (Del.1983); In re Olson, 319 N.W.2d 147 (N.D.1982); Hampton v. Daniels, 2 Ark.App. 83, 616 S.W.2d 757 (1981); Matter of Liss, 80 A.D.2d 716, 437 N.Y.S.2d 731 (N.Y.A.D. 3 Dept.1981).
Illinois and New Mexico are in the clear minority in their rulings that under their states’ statutes, unemployment compensation is not to be offset by Social Security benefits. See Wasko v. New Mexico Dept. Of Labor, Employment Security Div., 118 N.M. 82, 879 P.2d 83 (1994); Vaught v. Dept. of Labor, 152 Ill.App.3d 340, 504 N.E.2d 250, 105 Ill.Dec. 381 (1987). However, both of those states have statutes specifically excluding Social Security benefits from offsetting unemployment compensation benefits. Mississippi’s unemployment compensation statute contains no such exclusion. The cases cited by Sanders to support his argument that Social Security is not a retirement plan or pension offer no support as they were all decided prior to the federal Unemployment Compensation *639 Amendments of 1976.[1]
The Secretary of Labor, in a directive to the states as to their obligation to implement such an offset provision into their laws, has construed subsection (A)(1) to of the offset provision to require that unemployment compensation benefits be reduced by the amount of Social Security or Railroad Retirement benefits if the claimant’s base period employer or chargeable employer [footnote omitted] contributes to the Social Security or Railroad Retirement program. This directive, in the form of an Unemployment Insurance Program Letter, No. 7-81 dated November 7, 1980 (“UIPL No. 7-81”),[2] “required” or “requested” the states to “take necessary action to assure by change in the State law that pension payment received by claimants are deductible under the State law as required by section 3304(a)(15), FUTA, as amended.” [footnote omitted].
Bowman, 735 F.2d at 194.
The Bowman Court, interpreting 26 U.S.C.A. § 3304(a)(15)(A), stated:
The Court is convinced that the plain language of the offset provision renders all such Social Security benefits applicable to reduce the unemployment benefits where, as here, both the former and the base period employers contributed to the Social Security system.
* * * * * *
Given the clear distinction between such public and private pensions set forth in subsection (I) and (ii), and the nature of FICA and RRTA taxes as the lynehpin of Social Security and Railroad Retirement benefits, the Court is satisfied that the Social Security and Railroad Retirement systems must be deemed to be a “plan” to which a base period employer “contributes” through payment of the RICA or RRTA taxes. Consequently, the offset provisions apply to the plaintiff’s Social Security benefits as well as all class members’ Railroad Retirement benefits.
735 F.2d at 196-97.
The United States Court of Appeals for the Seventh Circuit held in Peare v. McFarland, supra, that Social Security is a “plan” under § 3304(a)(15) which employers “contribute to” through FICA taxes. 778 F.2d at 355. The Arkansas Court of Appeals in Hampton v. Daniels, supra, interpreting both the federal statute and Arkansas’ corresponding state statue, held: “Clearly, both the federal and state legislative intent was to reduce a claimant’s unemployment insurance benefits if he was receiving Social Security retirement benefits.” 2 Ark.App. at 86, 616 S.W.2d at 759.
Mississippi’s statute provides that unemployment compensation benefits are to be offset by remuneration received in the “form of payment under any governmental or private retirement or pension plan, system or policy” contributed to by a base-period employer. Miss.Code Ann. § 71-5-513(A)(6). It is Sanders’ argument that his unemployment benefits should not be offset by his Social Security benefits since he contributed to the fund. FUTA at 26 U.S.C.A. § 3304(a)(15)(B) provides that a “State law may provide for limitations on the amount of any such a reduction to take into account contributions made by the individual for the pension, retirement,.... ” However, such reductions are not required and Mississippi’s Employment Security law does not provide for any such reduction of the offset.
We hold that unemployment compensation benefits should be offset by the amount of Social Security received when the base-period employer has contributed to the system. This issue is therefore without merit.
II. WHETHER UNDER THE FACTS OF THIS CASE THE LOWER COURT ERRED IN HOLDING THAT SANDERS WAS NOT ENTITLED TO UNEM *640 PLOYMENT COMPENSATION BENEFITS.
Sanders also argues that the lower court erred in finding that he received Social Security benefits in the year 1993. Because of Sanders’ income of $24,550.00 in 1992, he was overpaid $8,545.00 in Social Security benefits. Sanders was given the option of either paying the full amount of the overpayment within 30 days of the notification or having his Social Security benefits withheld beginning May 1993 until May 1994. Apparently Sanders did not repay the amount in full and his benefits were withheld during a period in 1993 when he was still claiming unemployment compensation.
The Mississippi Employment Security Commission Board of Review held Sanders was eligible for Social Security benefits in 1993, and although he may not have actually been receiving those benefits he was constructively being paid since the payments were being applied to his 1992 overpayment. The Circuit Court affirmed this opinion.
We agree. The Board of Review held Sanders eligible to receive unemployment compensation benefits for the weeks claimed in 1992 even though he actually received Social Security benefits during that time since Sanders was later deemed ineligible for Social Security benefits in 1992 and was made to reimburse the Social Security Administration for the overpayment. Conversely, even though Sanders did not actually receive Social Security benefits after May of 1993, he was eligible to receive them and was being constructively paid even though those benefits were applied toward the 1992 overpayment. Sanders had the option of receiving those 1993 benefits had he repaid the overpayment in full. Therefore this issue is without merit.

CONCLUSION

Social Security is a type of “retirement or pension plan” as the terms are used in Miss. Code Ann. § 71-5-513(A)(6) and therefore unemployment compensation benefits should be offset by the amount of Social Security received when the base-period employer has contributed to the system. Sanders was constructively receiving Social Security benefits in excess of his unemployment benefits and therefore was ineligible for unemployment compensation during the weeks filed for in 1993.
JUDGMENT IS AFFIRMED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS and SMITH, JJ., concur.
McRAE, J., concurs in result only.

. Sanders cites to Commissioner of Labor v. Renfroe, 253 Ark. 380, 486 S.W.2d 73 (1972); Employment Security Comm'n v. Magma Copper Co., 90 Ariz. 104, 366 P.2d 84 (1961); Kneeland v. Administrator, Unemployment Compensation Act, 138 Conn. 630, 88 A.2d 376 (1952).

. UIPL No. 7-81 is reproduced at 47 Fed.Reg. 29905-08 (1982).