COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Elder and Fitzpatrick
Argued at Richmond, Virginia

VIRGINIA EMPLOYMENT COMMISSION
                                        OPINION BY
v.      Record No. 1968-96-2      JUDGE JOHANNA L. FITZPATRICK
                                        MAY 6, 1997
MAMIE D. NUNERY

        FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    T. J. Markow, Judge

        Lisa J. Rowley, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        briefs), for appellant.

        Robert L. Flax for appellee.


     The Virginia Employment Commission (VEC) appeals from a
judgment of the Circuit Court of the City of Richmond and
contends that the court erred in:  (1) reversing the VEC's
decision on an issue not preserved or certified for appeal; and
(2) failing to offset Mamie D. Nunery's (Nunery) unemployment
benefits by the retroactive lump sum payment of social security
disability benefits she received.  For the reasons that follow,
we reverse the decision of the trial court.

                          **BACKGROUND**

     The facts are uncontested.  During the period of October 4,
1992, through March 19, 1994, Nunery received unemployment
benefits in the amount of $208 per week.  On June 10, 1993,
Nunery applied for social security disability benefits (social
security benefits).  Her claim was initially denied, but on
January 11, 1995, an administrative law judge for the Social

Security Administration found that she was entitled to social security benefits for the period of May 1, 1992, through February 22, 1994, and for supplemental security income benefits from May 1, 1992 through April 30, 1994. She subsequently received the social security benefits in one lump sum payment of $15,756.76.

On June 27, 1995, a deputy of the VEC declared Nunery ineligible for unemployment benefits for the time period of October 4, 1992 through April 10, 1993 and November 28, 1993 through March 19, 1994. The deputy further found Nunery liable for repayment of the unemployment benefits she received.

On appeal, the VEC appeals examiner conducted an evidentiary hearing, affirmed the deputy's determination that Nunery's unemployment benefits were subject to a dollar-for-dollar reduction in the amount of her social security benefits, and found that she had been ineligible to receive unemployment benefits for the overlapping time periods pursuant to Code § 60.2-604. The VEC's special examiner affirmed the appeals examiner's decision on October 27, 1995.

Nunery appealed the agency decision to the circuit court (trial court) pursuant to Code § 60.2-625. The trial court in a letter opinion and final order dated July 12, 1996 reversed the VEC's decision. The trial court found that pursuant to Code § 60.2-604, the reduction or offset of unemployment benefits should occur only when the applicant for unemployment benefits

2

"is receiving" concurrent payments for the period during which the unemployment compensation is paid. The court concluded that because Nunery received her social security benefits retroactively in a lump sum after her unemployment benefits were paid in full, she was not "receiving" pension or retirement benefits at the time that she received unemployment benefits. Thus, the trial court determined that Nunery was entitled to retain all funds and was not liable for any reduction or set-off amounts.

VEC argues that the trial court erred when it ruled on the timing of the receipt of the benefits covered by Code § 60.2-604, an issue that was not preserved for appeal or certified as a question of law in Nunery's petition for judicial review. The record reflects that Nunery raised only the issue of "whether social security disability benefits are 'governmental or other pension . . . based on the previous work of the individual'" in her petition for appeal. We assume without deciding that Nunery properly preserved this issue; however, we reverse the trial court's denial of the offset previously determined by the VEC.

## THE OFFSET

The VEC contends that the trial court erred in failing to reduce or offset Nunery's unemployment benefits in the amount of social security payments she received retroactively. VEC argues that the trial court misinterpreted state and federal law. We agree.

3

To receive federal benefits, a state's unemployment program must be in substantial compliance with the provisions of the Federal Unemployment Tax Act (FUTA), 26 U.S.C. § 3301 et seq. See Watkins v. Cantrell, 736 F.2d 933, 937 (4th Cir. 1984). 26 U.S.C. § 3304(a) provides, in pertinent part, as follows:

> The Secretary of Labor shall approve any State law submitted to him, within 30 days of such submission, which he finds provides that --
>
>   \*   \*   \*   \*   \*   \*   \*
>
> (15) the amount of compensation payable to an individual for any week which begins after March 31, 1980, and which begins in a period with respect to which such individual is receiving a governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment which is based on the previous work of such individual shall be reduced (but not below zero) by an amount equal to the amount of such pension, retirement or retired pay, annuity, or other payment, which is reasonably attributable to such week . . . .

26 U.S.C. § 3304(a)(15) (emphasis added).[1] Virginia, in

---

[1] The Secretary of Labor explained that:

> Based on the broad language of § 3304(a)(15), FUTA, payments provided for under the programs or plans listed below are subject to the pension offset requirements:
>
> 1. Primary social security old age and disability retirement benefits, including those based on self-employment; . . . .

See the United States Department of Labor, Employment and Training Administration, Unemployment Insurance Program Letter (UIPL) No. 22-87. This interpretation is entitled to considerable deference. See Watkins, 736 F.2d at 943.

4

compliance with the federal legislation, used language similar to that of 26 U.S.C. § 3304(a)(15) in the Virginia Unemployment Compensation Act, Code § 60.2-100 et. seq.

> Code § 60.2-604 tracks the federal mandate as follows:
> The weekly benefit amount payable to an individual for any week which begins in a period for which such individual is receiving a governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment under a plan maintained or contributed to by a base period or chargeable employer based on the previous work of such individual . . .shall be reduced, but not below zero, by an amount equal to the amount of such pension, retirement or retired pay, annuity, or other payment, which is reasonably attributable to such week.

Code § 60.2-604 (emphasis added). Additionally, Code § 60.2-633(A) provides, in part, that "[a]ny person who has received any sum as benefits under this title to which he was not entitled shall be liable to repay such sum to the Commission." (Emphasis added.) This language clearly follows the federal directive. Accordingly, the dispositive issue in this case is whether the language "is receiving" in Code § 60.2-604 is limited to the contemporaneous payment of benefits or whether it also includes a later lump sum payment that is "reasonably attributable" to the period in which unemployment benefits were received.

"A primary rule of statutory construction is that courts must look first to the language of the statute. If a statute is clear and unambiguous, a court will give the statute its plain

5

meaning." Loudoun County Dep't of Social Services v. Etzold, 245 Va. 80, 84, 425 S.E.2d 800, 804 (1993). The broad language of the statute encompasses the payments at issue in the instant case. Here, Nunery was receiving weekly unemployment insurance benefits. During this time period, she became eligible to receive social security disability benefits. These benefits fall under the statutory definition of "any other similar periodic payment" and therefore, unemployment benefits will be subject to a reduction or offset in "an amount equal to the amount of such . . . other payment." See Code §§ 60.2-604 and 60.2-633(A).[2]

---

[2] The overwhelming majority of jurisdictions which have addressed the issue of whether 26 U.S.C.A. § 3304(a)(15)(A)(i) requires that unemployment compensation benefits be offset by the amount of Social Security benefits received by the unemployed worker have held that unemployment compensation benefits must be offset by the amount of Social Security benefits received where the base period employer contributed to the Social Security system.

Sanders v. Mississippi Employment Security Commission, 662 So.2d 635, 638 (Miss. 1995) (citing Cabaniss v. Florida Unemployment Appeals Commission, 589 So.2d 440 (Fla. Dist. Ct. App. 1991); Edwards v. Valdez, 789 F.2d 1477 (10th Cir. 1986); Metropolitan Atlanta Rapid Transit Authority v. Barnholdt, 346 S.E.2d 105 (Ga. Ct. App. 1986); Peare v. McFarland, 778 F.2d 354 (7th Cir. 1985); Eskra v. Commonwealth, Unemployment Compensation Bd. of Review, 499 A.2d 722 (Pa. 1985); Bowman v. Stumbo, 735 F.2d 192 (6th Cir. 1984); Rivera v. Becerra, 714 F.2d 887 (9th Cir. 1983), cert. denied, 465 U.S. 1099 (1984); Lowicki v. Unemployment Insurance Appeal Board, 460 A.2d 535 (Del. 1983); In re Olsen, 319 N.W.2d 147 (N.D. 1982); Hampton v. Daniels, 616 S.W.2d 757 (Ark. Ct. App. 1981); Matter of Liss, 80 A.D.2d 716 (437 N.Y.S.2d 1981)); accord City of Independence v. Ventura, ___ N.E.2d ___, ___ (Ohio Ct. App. 1996) (holding that unemployment benefits must be offset by other governmental benefits, including social security benefits, received for the same period of time).

6

Moreover, contrary to the trial court's finding that the offset requirement applies only to payments being received simultaneously, we find no reason to hold that the timing of the receipt of these benefits takes the payments beyond the ambit of Code § 60.2-604.  Indeed, the General Assembly provided that the mandatory offset encompasses "an amount equal to the amount of such pension, retirement or retired pay, annuity, <u>or other payment, which is reasonably attributable to such week.</u>"  Code § 60.2-604 (emphasis added).

In this case, Nunery received the actual payment for social security benefits several months after her unemployment benefits terminated.  Although she initially requested the social security benefits on June 10, 1993, she was not found eligible by the Social Security Administration for these benefits until January 11, 1995.  Nevertheless, Nunery incurred the eligibility to receive the social security benefits during the time she was receiving the unemployment benefits and in fact they cover the same time period.  Thus, her eligibility to receive both benefits coincided and the lump sum award for social security benefits was "reasonably attributable" to weeks during which she received unemployment benefits.  Accordingly, the offset provision of Code § 60.2-604 applies to the overlap of the time periods during which Nunery received employment benefits and during which she was eligible to receive social security payments.  <u>See also</u> <u>City of Independence v. Ventura</u>, ___ N.E.2d ___ (Ohio Ct. App. 1996)

7

(holding that offset applied where claimant received disability benefits retroactively and in a lump sum covering the same period for which he received unemployment benefits).

Additionally, the Congressional purpose in enacting 26 U.S.C. § 3304(a)(15) was to "eliminat[e] duplicative benefits and preserv[e] the fiscal integrity of the unemployment compensation in a rational manner."  McKay v. Horn, 529 F.Supp. 847, 863 (1981).[3]

---

[3]The Secretary of Labor interpreted the Congressional rationale as follows:

> [A]s to lump-sum retirement payments, the States have the option as to whether to treat them as "similar periodic payments" which are deductible under their laws, and if they treat them as such periodic payments they have the further option of providing in their laws whether the payments shall apply only to the week in which they were paid, or to the week following the last week worked prior to retirement, or whether they shall be allocated to the weeks or months or other applicable periods following the last week worked prior to retirement . . . .

> [R]etroactive payment of pensions for weeks in which the individual has already received unemployment compensation may be treated as causing overpayments under the provisions of the State law applicable to benefit overpayments, as appropriate under the State law . . . .

See the United States Department of Labor, Employment and Training Administration Unemployment Insurance Program Letter, No. 24-80.  Additionally, the Secretary of Labor stated that, "Whether or not this retroactive payment of social security

8

> The disqualification of alternative forms of wage-replacement income reflects a reasonable legislative determination that those with outside income have a lesser need for governmental assistance during a period of unemployment and can best bear the brunt of government economies. . . . The amendment is aimed directly at eliminating the payment of benefits which can be described as "windfall" benefits.

Id. The practical effect of the federal statute is to create, on a uniform basis throughout the United States, a dollar-for-dollar reduction of unemployment insurance benefits by income received from the designated "wage replacement" sources. See id., 529 F.Supp. 847. Restricting the application of the offset requirement as suggested by the trial court defeats the Congressional rationale and the General Assembly's adherence to the federal directive.

Rather, the social security benefits at issue are encompassed by Code § 60.2-604 because they are in the nature of retirement pay or pension payments and are based on the individual's previous employment. See Watkins, 736 F.2d at 937 (quoting Pub.L. 94-566, 90 Stat. 2667 (1976)) (emphasis added)

---

benefits causes an overpayment of U.I. benefits depends upon provision in State law regarding 'is receiving . . .' and appropriate provisions in State law regarding retroactive payments." See the United States Department of Labor, Employment and Training Administration Unemployment Insurance Program Letter, No. 43-80.

9

("Congress enacted § 3304(a)(15) in 1976 to require . . . all states to offset an individual's employment insurance compensation by the amount of any . . . payment, including social security . . . benefits, based on the individual's previous employment."). "In 1977, the Virginia legislature enacted the Virginia pension offset provision . . . to bring Virginia's unemployment compensation program into conformity with § 3304(a)(15) . . . . . The Virginia pension offset provision . . . became effective September 30, 1979. Since that time, VEC has offset from unemployment insurance compensation all pension and retirement benefits attributable to previous work, with limited exceptions." Id.; see also Sikka v. Caterair International Corporation, Com. Dec. 47602-C (March 22, 1995) (finding that both disability and old age payments are based on contributions made to the social security trust fund by both employers and employees, and that the disability program is "essentially a retirement program based on disability as opposed to age" because the "benefits which are paid to such individual are paid based on the prior work of such individual . . . .") (emphasis added). We agree. For purposes of Code § 60.2-604, enacted in conformance with 26 U.S.C. § 3304, there is no meaningful distinction between social security retirement benefits and social security disability benefits.

Further, the VEC has consistently interpreted Code § 60.2-604 as requiring a reduction in unemployment benefits when

10

a claimant receives, or is eligible to receive, <u>retroactive</u> social security payments. <u>See, e.g.</u>, <u>Blake v. Howmet Corp.</u>, Com. Dec. 31402-C (June 8, 1989) (reduction applies because (1) "It is not unusual for there to be a delay in the receipt of Social Security benefits, private pension benefits, or workers' compensation benefits" and (2) award was "reasonably attributable to such week" although not received contemporaneously); <u>accord</u> <u>Blake v. Virginia Employment Comm'n and Homet Turbine Components Corp.</u>, Cir. Ct. of the City of Hampton (November 21, 1989) (affirming the VEC's decision that unemployment benefits are payable only after all compensation stemming from prior work is taken into consideration).

It is well settled that where the construction of a statute has been uniform for many years in administrative practice, and has been acquiesced in by the General Assembly, such construction is entitled to great weight with the courts. <u>Dan River Mills, Inc. v. Unemployment Compensation Com'n.</u>, 195 Va. 997, 81 S.E.2d 20 (1954). Thus, the lump sum social security disability benefits at issue in this case are "other payments" based on Nunery's previous employment and are "reasonably attributable" to an overlapping time period, which requires a reduction in unemployment benefits pursuant to Code § 60.2-604. This holding follows both the federal and state statutory mandates. It denies a windfall to Nunery due solely to a delay in the actual receipt of the requested benefits. Accordingly, the decision of the

11

trial court is reversed.

<u>Reversed.</u>
