**Carmen N. CERICALO, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Division of Employment, Respondents.**

**No. 04CA1514.**

Colorado Court of Appeals, Division II.

April 7, 2005.

Carmen N. Cericalo, Pro Se.

John W. Suthers, Attorney General, Laurie Rottersman, Assistant Attorney General, Denver, Colorado, for Respondents.

No Appearance for Division of Employment.

Opinion by: Judge TAUBMAN.

In this unemployment benefits case, petitioner, Carmen N. Cericalo (claimant), seeks review of a final order of the Industrial Claim Appeals Office (Panel). At issue in this appeal is the propriety of the action taken by the Division of Employment reducing or offsetting claimant's unemployment benefits by half the amount of his Social Security Disability Insurance (SSDI) benefits, rendering him ineligible to receive any unemployment benefits pursuant to § 8–73–110(3)(a)(I)(A), C.R.S.2004. Because we conclude the offset was proper, we affirm.

Section 8–73–110(3)(a)(I)(A) provides, in pertinent part, that an individual's weekly amount of unemployment benefits "shall be reduced (but not below zero) by ... [f]ifty percent of the prorated weekly amount of a primary insurance benefit under Title II of the federal 'Social Security Act' that has been contributed to by a base period employer, because the employee has made contributions to federal social security." Thus, pursuant to § 8–73–110(3)(a)(I)(A), the unemployment benefits otherwise payable to a claimant must be reduced or offset by half of the prorated amount of such federal social security benefits received by that claimant.

The relevant facts are not in dispute. Claimant suffers complications of diabetes, including blindness and other physical disabilities, and has been receiving SSDI benefits for a number of years. After claimant was laid off from a part-time job of eight hours per week he obtained to supplement this income, he sought and received unemployment benefits attributable to that employment. The Division of Employment later learned that claimant was receiving SSDI benefits, and a deputy ruled that, because of the offset, claimant could not be paid unemployment benefits pursuant to § 8–73–110(3)(a)(I)(A).

At a hearing, claimant confirmed that he was receiving $1,347 per month in SSDI benefits and that such benefits were based on previous contributions to the federal Social Security system from working and were not based on financial need. Claimant also testified that the Social Security Administration allowed him to earn up to $1,200 per month

without affecting his receipt of SSDI benefits. Claimant's monthly SSDI benefit amounts to $311 per week when prorated, and because half that amount exceeded his weekly amount of $108 in unemployment benefits, claimant was ineligible to receive any unemployment benefits based on the application of the offset requirements of § 8–73–110(3)(a)(I)(A).

The hearing officer found that claimant's SSDI benefits were paid under Title II of the federal Social Security Act and were contributed to by claimant and his base period employer. Consequently, the hearing officer ruled that the statutory offset requirements applied to claimant's SSDI benefits and rendered him ineligible to receive unemployment benefits. Claimant also argued that application of this offset violated his rights under the federal Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., prohibiting discrimination based on disability. The hearing officer rejected this argument that he was being discriminated against in violation of the ADA in this regard.

On review, the Panel affirmed, concluding that the record supported the determination that claimant's unemployment benefits were properly reduced pursuant to § 8–73–110(3)(a)(I)(A). The Panel did not address claimant's ADA arguments, ruling that it lacked the authority to determine whether the state statutory requirements were preempted by the federal statute under the Supremacy Clause, U.S. Const. art. VI, cl. 2.

### I.

■ To the extent that claimant challenges the applicability of the statutory offset requirements to his circumstances, we reject such challenge.

The SSDI benefits claimant receives are provided pursuant to 42 U.S.C. § 423, under Title II of the federal Social Security Act. Thus, the hearing officer and the Panel properly ruled that § 8–73–110(3)(a)(I)(A) requires that claimant's unemployment benefits be reduced by half of the prorated weekly amount of his SSDI benefits, resulting in his ineligibility to receive any unemployment benefits.

The offset requirements of § 8–73–110(3)(a)(I), C.R.S.2004, are patterned after and complementary to the analogous provisions of the Federal Unemployment Tax Act (FUTA). *See Redin v. Empire Oldsmobile, Inc.,* 746 P.2d 52 (Colo.App.1987); *compare* § 8–73–110(3)(a)(I) *with* 26 U.S.C. § 3304(a)(15) (FUTA provisions).

Other courts have also held that unemployment benefits must be reduced because of the receipt of federal SSDI benefits under similar state unemployment law provisions and these FUTA provisions. *See Florence v. Dep't of Workforce Servs.,* 35 P.3d 1148 (Utah Ct.App.2001) (reduction of unemployment benefits by receipt of SSDI benefits required by Utah law and permitted by federal law under FUTA provisions); *Virginia Employment Comm'n v. Nunery,* 24 Va.App. 617, 484 S.E.2d 609 (1997) (reduction of unemployment benefits by receipt of SSDI benefits required both by Virginia law and by overwhelming majority of jurisdictions considering the issue (collecting cases)); *see also Edwards v. Valdez,* 789 F.2d 1477 (10th Cir. 1986) (assuming Social Security offset applies to Colorado statute while rejecting employee's specific challenge to its application).

We agree with these decisions and reach the same conclusion.

### II.

■ We also reject claimant's argument that the application of the SSDI offset to deny him unemployment benefits violates the ADA provisions prohibiting discrimination based on disability.

Title II of the ADA generally prohibits discrimination against individuals with disabilities by public entities in providing public services. *See Bradshaw v. Cherry Creek Sch. Dist. No. 5,* 98 P.3d 886 (Colo.App.2003). Specifically, pursuant to 42 U.S.C. § 12132, a qualified individual with a disability cannot, "by reason of such disability," be excluded from participation in or be denied the benefits of the programs of a public entity or be subjected to discrimination by any public entity.

In our view, however, claimant has not been improperly denied benefits or discrimi-

nated against on the basis of his disability in violation of the ADA.

First, as noted, the unemployment compensation offset under § 8–73–110(3)(a)(I)(A) is based on receipt of "a primary insurance benefit under Title II of the federal 'Social Security Act' that has been contributed to by a base period employer."

Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, et seq., are referred to as Old Age Survivors and Disability Insurance (OASDI) benefits and are provided to the retired, the disabled, and their dependents. *See* C. Courtade & M. Flaherty, *Social Security Law and Practice* § 1:1 (2000). Under Title II, workers who have contributed to the Social Security program and who, because of a disability, are unable to engage in substantial gainful activity are entitled to receive SSDI benefits. *See* 42 U.S.C. § 423(a)(1)(D), (d)(1)(A); *Florence v. Dep't of Workforce Servs., supra.* Fully insured workers may receive Title II benefits when they retire at age sixty-two or later. *See* Courtade, *supra,* § 1:33.

Primary insurance benefits are those paid directly to the worker on the basis of his or her work history, as opposed to auxiliary benefits, which are paid to a deceased worker's surviving family members. *See Trusty v. Consol. Freightways,* 210 Mont. 148, 681 P.2d 1085 (1984).

Both SSDI and retirement benefits are based on contributions by a base period employer. *See Edwards v. Valdez, supra; Florence v. Dep't of Workforce Servs., supra.*

Accordingly, because § 8–73–110(3)(a)(I)(A) applies the offset both to individuals receiving SSDI benefits and to those receiving retirement benefits, it does not discriminate against claimant on the basis of a disability.

Second, in addition to SSDI, the Social Security Administration operates a separate program for people with disabilities, Supplemental Security Income (SSI), under Title XVI of the Social Security Act. *See* 42 U.S.C. § 1381, et seq. The disability requirements for receipt of SSI benefits are the same as those for SSDI benefits, but receipt of SSI is not based on past earnings. *See, e.g., Hol-*

*den v. Heckler,* 584 F.Supp. 463 (N.D.Ohio 1984). Consequently, the offset under § 8–73–110(3)(a)(I)(A) also does not discriminate against people with disabilities because it applies only to those who receive SSDI disability benefits, not those who receive SSI disability benefits.

Thus, we perceive no violation of the nondiscrimination provisions of the ADA by the application of the statutory offset requirements that rendered claimant ineligible to receive any unemployment benefits. *See* 42 U.S.C. § 12132.

### III.

Because claimant has not established any ADA violation, there is no basis for determination that § 8–73–110(3)(a)(I)(A) is preempted by that federal statute and is thereby unconstitutional, as requested by claimant.

To the extent that claimant further contends that § 8–73–110(3)(a)(I)(A) is otherwise unconstitutional, we also reject his contentions. *See Edwards v. Valdez, supra* (rejecting equal protection constitutional challenge to social security offset requirements of comparable FUTA provisions); *see also Johnson v. Div. of Employment,* 191 Colo. 38, 550 P.2d 334 (1976) (rejecting equal protection constitutional challenge to previous version of offset requirements of § 8–73–110(3)(a)(I)).

### IV.

Whether claimant was overpaid as a result of the ineligibility determination and, if so, whether a waiver of the recovery of that overpayment is warranted, were not adjudicated in the administrative proceedings here. Consequently, these issues are not properly before us in this appeal. *See* § 8–74–107(1), C.R.S.2004.

The Panel's order is affirmed.

Judge ROTHENBERG and Judge RUSSEL concur.