In the Matter of the Claim of THOMAS J. HALL, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.

Third Department, October 18, 1990

APPEARANCES OF COUNSEL

*Bogart & Associates, P. C. (Mark A. Ventrone* of counsel), for appellant.

*Robert Abrams, Attorney-General (Frederick M. Paola* and *Jane Lauer Barker* of counsel), for respondent.

### OPINION OF THE COURT

Mahoney, P. J.

In 1981, claimant retired from a trucking company after 25 years of employment. He began receiving a monthly pension from two union pension funds. Thereafter, claimant returned to work for other employers and, in August and November 1986, was employed for some 50 hours by two employers which made some $84 in contributions toward claimant's pension. These contributions increased claimant's pension by some $2. In July 1987, after separation from another employer for which claimant worked 18 weeks and which made no contribution to claimant's pension fund, claimant sought unemployment insurance benefits under a base period beginning July 21, 1986 and ending July 19, 1987, a period which includes the time claimant worked for the employers which contributed toward his pension. By initial determination, claimant's benefit rate of $180 per week was reduced to $52 to reflect an offset of claimant's pension amount pursuant to Labor Law § 600 (7). An Administrative Law Judge held that claimant's benefit rate should have been reduced by only the amount of the increase in claimant's pension resulting from the additional contributions. The Unemployment Insurance Appeal Board reversed on constraint of Labor Law § 600 (7), which it held required that claimant's benefit rate be reduced by the full amount of claimant's pension and not just by the increased amount attributable to claimant's additional work. Claimant appeals.

Labor Law § 600 (7) provides that in the circumstances prevailing here:

"(a) * * * the benefit rate of a claimant who is receiving a * * * pension * * * shall be reduced as hereinafter provided, if such payment is made under a plan maintained or contributed to by his base period employer and * * * the claimant's employment with, or remuneration from, such employer after the beginning of the base period * * * increased the amount of, such pension * * *.

"(b) If the claimant made no contribution for the pension * * * his benefit rate shall be reduced by the largest number of whole dollars which is not more than the pro-rated weekly amount of such payment."

Under the plain language of the statute, the specified reduction "shall" be made where a claimant's "base period employer" made a pension fund contribution during the base period which increased the claimant's pension. Claimant contends that since his unemployment insurance benefit eligibility stems from an employer which did not contribute to his pension fund, the requirements for the statutory reduction of benefits have not been satisfied. The Commissioner of Labor contends that employers during claimant's base period contributed toward the pension fund so that the requirements for the reduction have been met.

■ The dispute in this case essentially centers on what is encompassed by "base period employer". Although "base period" and "employer" are statutorily defined by the Unemployment Insurance Law (see, Labor Law §§ 512, 520), there is no such definition of "base period employer". Because this State's statutory language mirrors a Federal statute (see, 26 USC § 3304 [a] [15]) and was adopted to ensure New York's continued participation in a Federal reimbursement system for unemployment insurance benefits (see, Matter of Cullen [Roberts], 93 AD2d 907), we have no hesitancy to consider the Federal law's statutory background to resolve the meaning of "base period employer" (see, supra). In this regard, we note that Congress clearly intended this phrase to refer to "any employer who paid wages on which the [unemployment insurance] eligibility of the claimant and the amount and duration of unemployment benefits is [sic] based" (HR Rep No. 538, 96th Cong, 1st Sess 5; see, Watkins v Cantrell, 736 F2d 933, 938, n 5).

■ In this case, there can be no doubt that claimant's work

for the employers which contributed toward his pension fund during his base period affected his eligibility for and amount of unemployment insurance benefits *(see,* Labor Law § 527 [1] [d] [basic 20 weeks of employment eligibility requirement]; § 590 [2] [computation of average weekly wage]). As such, these employers satisfy the definition of "base period employer" as used in the statute. Since these employers' contributions to claimant's pension fund increased the amount of his pension, the clearly specified statutory reduction is applicable. In the circumstances prevailing here, where claimant made no contribution to his pension fund, the reduction must be in the amount of the pension, prorated on a weekly basis *(see,* Labor Law § 600 [7] [b]). There is no merit to claimant's contention that the reduction in his benefits should be only the amount of his pension increase as the statute clearly provides otherwise *(see, Rivera v Becerra,* 714 F2d 887, 894, *cert denied sub. nom. International Union, United Auto., Aerospace & Agric. Implement Workers v Donovan,* 465 US 1099). Since the Unemployment Insurance Appeal Board's decision comports with these statutory dictates, there is no reason for us to intervene. We add that claimant has waived any challenge to the determination of willful misrepresentation by not appealing or addressing that issue.

KANE, CASEY, LEVINE and HARVEY, JJ., concur.

Decision affirmed, without costs.