■ In the Matter of the Claim of GEORGE S. IMMERSO, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [600 NYS2d 160] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 23, 1992, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant and his employer presented conflicting versions as to the circumstances surrounding claimant's leaving his part-time job. Claimant contended that the final incident that led to his leaving was when the employer informed him that he had to work 40 hours per week. He also stated that he did not quit. His supervisor, however, denied that claimant was told he had to work full time. According to the supervisor, when claimant was told that there was a shortage of help and that he would have to check the fuel content in the truck he drove, claimant objected and said that he was quitting.

Issues of fact and credibility are for the Unemployment Insurance Appeal Board to resolve (see, *Matter of Overt [Levine]*, 50 AD2d 659). Here, there is substantial evidence in the record to support the Board's decision to credit the employer's factual assertions, as well as its conclusion that the employer made a reasonable request when it asked claimant to check his gas tank (see, *Matter of Rubinstein [Catherwood]*, 33 AD2d 950; *see generally, Matter of Flores [Levine]*, 50 AD2d 1006). We also note that as a general rule, dissatisfaction with working conditions does not constitute good cause for voluntarily leaving one's employment (see, *Matter of Stark [Ross]*, 66 AD2d 942).

Mikoll, J. P., Yesawich Jr., Levine, Crew III and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.