■ In the Matter of the Claim of PHILIP P. PRIORE, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [647 NYS2d 58] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 15, 1995, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant worked as a field technician for a company which sold and serviced copy and fax machines in the Long Island area. He left his job after refusing his employer's direction to make deliveries and set up machines for customers in Connecticut. The Board, inter alia, disqualified claimant from receiving unemployment insurance benefits on the basis that he voluntarily left his employment without good cause. Claimant challenges the Board's decision, contending that he left his job because his employer advised him that he had no work and

told him to leave. At the hearing, claimant stated that he told his employer when he was hired that he would not make deliveries or travel outside the Long Island area. He stated that after questioning his employer's instruction to deliver and install equipment in Connecticut, his employer became upset, told him that he had no work and to leave. The employer, however, testified that claimant walked off the job after refusing an assignment to deliver and install equipment in Connecticut. Since credibility determinations are matters for the Board to resolve, the Board could choose to credit the employer's testimony that claimant quit his job after the incident in question (see, Matter of Jedrak-Perz [Sweeney], 226 AD2d 858; Matter of Eggers [Sweeney], 215 AD2d 859). In view of this, as well as the fact that the employer's request was reasonable in view of claimant's job duties, we find that the Board's decision is supported by substantial evidence (see, Matter of Gonyea [Hudacs], 211 AD2d 939; Matter of Immerso [Hudacs], 195 AD2d 733).

Mikoll, J. P., Mercure, White, Casey and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.