■ In the Matter of the Claim of LAVERNE C. CHRISCADEN, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [649 NYS2d 345] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 30, 1996, which, *inter alia*, reduced claimant's weekly unemployment insurance benefit rate.

Claimant's weekly unemployment insurance benefit payment was reduced from $285 to $195 per week, the $90 reduction representing the amount claimant received in weekly pension benefits from the employer. Claimant was also assessed a recoverable overpayment of $427.50. The Board ruled that claimant's pension was totally funded by his employer, thereby triggering the requirements of Labor Law § 600 (7) which provides that the benefit rate of a claimant who receives a pension based on the claimant's previous work, to which a base period employer contributed, shall be reduced by the amount of such pension in cases where the claimant has made no contributions to the pension. Claimant appeals.

Our review of the record discloses that there is substantial evidence supporting the Board's finding that claimant's pension was 100% funded by the employer with the result that the amount of claimant's unemployment insurance benefits were properly reduced by the amount of her pension benefits (*see, Matter of Skinder [Sweeney]*, 226 AD2d 796; *Matter of Favorito [Hudacs]*, 195 AD2d 679, *lv denied* 82 NY2d 660). To

hold otherwise would be to subvert the purpose of the Unemployment Insurance Law, i.e., "to provide income to unemployed workers who are without earned income" (*Matter of Liss [Ross]*, 80 AD2d 716).

We also find that the Board correctly held the benefit-overpayment to be recoverable (*see*, Labor Law § 600 [7] [c]; *Matter of Rogers [Hartnett]*, 165 AD2d 939, 940).

Cardona, P. J., White, Casey, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.