■ In the Matter of the Claim of ANTHONY J. VALENTINO, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [664 NYS2d 141] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 23, 1996, which, upon reconsideration, adhered to its prior decision ruling, *inter alia,* that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed as a uniformed guard and driver of an armored car. He resigned from this employment after refusing to comply with the employer's order that he drive an armored car through a blizzard to make a pickup at a bank. The Unemployment Insurance Appeal Board ruled that claimant lost his employment under disqualifying circumstances, charging him with a recoverable overpayment. We affirm. Substantial evidence supports the Board's finding that claimant resigned from his employment after becoming incensed at the employer's reasonable demand that he carry out his duties as an armored car driver despite inclement weather conditions. Ending one's employment after refusing to perform a reasonable work assignment has been found to constitute a voluntary leaving of employment without good cause (*see, Matter of Priore [Sweeney],* 231 AD2d 798, 799). Claimant's assertion that he did not resign but was discharged presented an issue of fact for resolution by the Board (*see, id.*).

Mikoll, J. P., Mercure, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.

■ In the Matter of the Claim of BERNARD N. LEVIN, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [665 NYS2d 356] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 13, 1996, which, *inter alia,* reduced claimant's weekly unemployment insurance benefit rate to zero.

The Unemployment Insurance Appeal Board ruled that Labor Law § 600 (7) required a reduction in claimant's benefit rate reflecting his receipt of payments from an employer-funded pension fund. Claimant also was charged with a recoverable overpayment. We affirm. Substantial evidence supports the finding that claimant's pension fund was 100% funded by the employer, thereby triggering the statutory reduction in benefit payments (*see, Matter of Chriscaden [Sweeney],* 232 AD2d 803).

Mercure, J. P., Crew III, Casey, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.