■ In the Matter of the Claim of BEN HAMMER, Appellant. COMMISSIONER OF LABOR, Respondent. [703 NYS2d 284] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 5, 1998, which, *inter alia*, reduced claimant's weekly unemployment insurance benefit rate to zero.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board reducing claimant's benefit rate to zero. The record establishes that claimant's pension was totally funded by his employer and that the amount of his pension payments exceeded the maximum weekly unemployment benefit rate of $300 (*see*, Labor Law § 590 [5]). Accordingly, claimant's unemployment insurance benefits were properly reduced by the amount of his pension benefits (*see*, Labor Law § 600 [7]; *Matter of De Salvo [Commissioner of Labor]*, 249 AD2d 619; *Matter of Levin [Sweeney]*, 244 AD2d 642). Although claimant points out that he disclosed his receipt of pension benefits on his unemployment insurance application, he was nevertheless properly charged with a recoverable overpayment of benefits (*see*, *Matter of Pinezic [Sweeney]*, 223 AD2d 898).

Cardona, P. J., Mercure, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.

■ In the Matter of the Claim of ALASSANE DIALLO, Appellant. COMMISSIONER OF LABOR, Respondent. [692 NYS2d 783] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 5, 1998, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant, a hotel desk clerk working the night shift, was given permission to leave work early in order to attend school if he arranged for a co-worker to cover the desk for the remainder of his shift. Claimant was discharged from his employment after it was discovered that he repeatedly left work early without obtaining coverage and indicated on the signing-out sheet that he had worked his full shift. Unauthorized departure from work as well as falsifying one's time sheet can constitute disqualifying misconduct (*see*, *Matter of Hendrickson [Commissioner of Labor]*, 250 AD2d 909, 910), especially where, as here, claimant had been warned regarding his actions. Under these circumstances we conclude that substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant engaged in disqualifying misconduct. While claimant's version of the events differed from that offered by the employer, it is within the Board's province to resolve issues of credibility (*see*, *id.*, at 910).

Cardona, P. J., Mikoll, Crew III, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.