■ In the Matter of the Claim of EDWARD J. LOEFFLER, Appellant. COMMISSIONER OF LABOR, Respondent. [953 NYS2d 513]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 6, 2011, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked as a pharmacy manager for the employer for approximately a year and a half. On December 31, 2008, he closed the pharmacy early without authorization, but indicated in his time records that he had worked a full shift. When this inaccuracy was discovered, the employer issued claimant a written reprimand warning him that such further conduct would result in his termination. Subsequently, in October and November 2009, there were two incidents in which claimant again represented in his time records that he worked certain hours when he did not. Claimant's employment was terminated as a result. He applied for unemployment insurance benefits and was denied benefits on the basis that he left his employment due to misconduct. Claimant requested a hearing at which the Administrative Law Judge overruled the misconduct determination, concluding that the submissions of the inaccurate time records were due to mistake, not falsification. On the Commissioner of Labor's appeal to the Unemployment Insurance Appeal Board, the Administrative Law Judge's decision was reversed insofar as the misconduct determination, and claimant now appeals.

We affirm. Falsification of time and attendance records has been held to constitute disqualifying misconduct (*see Matter of Crawford [Commissioner of Labor]*, 84 AD3d 1670, 1670 [2011]), particularly where a claimant has received a prior warning regarding such conduct (*see Matter of Diallo [Commissioner of Labor]*, 263 AD2d 608 [1999]). Here, there was uncontroverted testimony that, on three separate occasions, claimant inaccurately represented that he worked certain hours that he did not. Significantly, claimant admitted to such conduct and, while he claimed that the misrepresentations were just a mistake, this presented a credibility issue for the Board to resolve (*see Matter of Crawford [Commissioner of Labor]*, 84 AD3d at 1670; *Matter of Downing [Buffalo Hearing & Speech Ctr.—Commissioner of Labor]*, 51 AD3d 1093, 1093 [2008]). "The fact that the Board reached a different conclusion than the Administrative Law Judge does not compel a contrary result as the Board is the ultimate arbiter of factual issues and credibility" (*Matter of Zaydman [Roman Roytberg, Inc., P.C.—Commissioner of Labor]*, 87 AD3d 1192, 1193 [2011] [citations omitted]). We have

considered claimant's remaining contentions and find them to be without merit.

Peters, P.J., Lahtinen, Spain, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.