Matter of Morganstern (Commissioner of Labor) (2021 NY Slip Op 06416)





Matter of Morganstern (Commissioner of Labor)


2021 NY Slip Op 06416


Decided on November 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 18, 2021

533090
[*1]In the Matter of the Claim of Lucy Morganstern, Appellant. Commissioner of Labor, Respondent.

Calendar Date:October 21, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Colangelo, JJ.

Lucy Morganstern, New York City, appellant pro se.
Letitia James, Attorney General, New York City (Steven Koton of counsel), for respondent.



Pritzker, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 13, 2020, which reduced claimant's benefit rate pursuant to Labor Law § 600 (1).
Claimant, a professional violinist, began collecting a pension in 2016, and the pension plan at issue was fully funded by the contributing employers. Because claimant continued to work for a contributing employer, she received annual increases in the amount of her pension benefit effective each July 1. As relevant here, the amount of claimant's monthly pension increased from July 2019 to July 2020. During 2019 and early 2020, claimant was working for the American Ballet Theatre and the American Symphony Orchestra. Due to restrictions put in place due to the COVID-19 pandemic, claimant was not able to work and, accordingly, she filed an application for unemployment insurance benefits effective June 29, 2020. Based upon claimant's earnings in her base period, claimant's weekly benefit rate was set at $504.
In July 2020, the Department of Labor issued a notice of determination reducing claimant's unemployment insurance benefit rate to zero, effective June 29, 2020, pursuant to Labor Law § 600 (1). Following a hearing, an Administrative Law Judge upheld the determination. The Unemployment Insurance Appeal Board affirmed that decision, prompting this appeal by claimant.
We affirm. Consistent with the provisions of Labor Law § 600 (1) (a), the benefit rate of a claimant who is receiving a governmental or other pension "shall be reduced . . . if such [pension] payment is made under a plan maintained or contributed to by [the] base period employer and . . . the claimant's employment with, or remuneration from, such employer after the beginning of the base period . . . increased the amount of . . . such pension" (see Matter of Scheiner [Commissioner of Labor], 263 AD3d 658, 658 [1999]; Matter of Brainin [Sweeney], 239 AD2d 639, 639 [1997]).[FN1] "Under the plain language of the statute, the specified reduction shall be made where a claimant's base period employer made a pension fund contribution during the base period which increased the claimant's pension" (Matter of Hall [Hartnett], 162 AD2d 96, 98 [1990] [internal quotation marks omitted]).
As noted previously, the record establishes that, during the relevant base period, claimant received a pension benefit that, in turn, was fully funded by the contributing employers. The record further makes clear — and claimant does not dispute — that the work performed by her during the base period and the corresponding contributions made by her employers increased the monetary value of her pension. Under these circumstances, and given that the prorated weekly amount of claimant's pension benefit exceeded her weekly unemployment insurance benefit (see Labor Law § 600 [1] [b]), the statutory reduction was triggered, and claimant's unemployment insurance benefit rate was properly reduced to zero (see Matter of Hughes [Commissioner of Labor], 270 [*2]AD2d 533, 533-534 [2000], lv denied 95 NY2d 754 [2000]; Matter of Scheiner [Commissioner of Labor], 263 AD2d at 658; Matter of Hammer [Commissioner of Labor], 263 AD2d 608, 608 [1999]). As the Board's decision is supported by substantial evidence, it will not be disturbed (see Matter of Burger [Commissioner of Labor], 109 AD3d 1073, 1074 [2013]; Matter of Sanchez [Commissioner of Labor], 56 AD3d 846, 847 [2008]). To the extent that claimant argues that the statutory reduction is irrational and/or discriminatory and that her unemployment insurance benefit rate should have reduced by only the amount of the July 2020 increase in her pension benefit, similar claims previously have been considered and rejected by this Court (see Matter of De Voe [Hudacs], 193 AD2d 1042, 1042 [1993]; Matter of Hall [Hartnett], 162 AD2d at 99; Matter of Liss [Ross], 80 AD2d 716, 716-717 [1981]).
Garry, P.J., Egan Jr., Aarons and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: The statute was amended in 2013, and Labor Law § 600 (7) (a) is now Labor Law § 600 (1) (a) (see L 2013, ch 57, part O, § 19).