Matter of Johnson (Commissioner of Labor) (2022 NY Slip Op 06526)

Matter of Johnson (Commissioner of Labor)

2022 NY Slip Op 06526

Decided on November 17, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 17, 2022

534454
[*1]In the Matter of the Claim of Pamela Johnson, Appellant. Commissioner of Labor, Respondent.

Calendar Date:October 12, 2022

Before:Lynch, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Pamela Johnson, Sunnyside, appellant pro se.
Letitia James, Attorney General, New York City (Camille J. Hart of counsel), for respondent.

McShan, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 13, 2021, which, among other things, charged claimant with a recoverable overpayment of various unemployment insurance benefits.
Claimant, a banquet bartender, worked at a New York City hotel until the establishment closed in June 2019. Throughout her career, claimant was a member of a hotel workers' union that provided a pension to its members that, in turn, was fully funded by contributions from participating employers. After the hotel closed, claimant filed a claim for unemployment insurance benefits in July 2019, and her weekly benefit rate was established. Additionally, between April 2020 and July 2020, claimant received Pandemic Unemployment Assistance (hereinafter PUA) and Pandemic Emergency Unemployment Compensation (hereinafter PEUC) under the Coronavirus Aid, Relief and Economic Security Act of 2020 (the CARES Act) (see 15 USC § 9021, as added by Pub L 116-136, 134 US Stat 281, 313; see also 15 USC § 9025). When claimant's 2019 claim expired, she filed a new claim for unemployment insurance benefits effective July 6, 2020, and a weekly benefit rate again was established. Between July 2020 and October 2020, claimant received unemployment insurance benefits, as well as Federal Pandemic Unemployment Compensation (hereinafter FPUC) (see 15 USC § 9023) under the CARES Act and lost wage assistance (hereinafter LWA) pursuant to 44 CFR 206.120.
In August 2020, claimant submitted an application to collect her pension. Claimant's gross monthly payment was established, and her pension was made effective May 1, 2020. On or about September 1, 2020, claimant received a lump-sum check that included retroactive pension payments for May 2020 through August 2020. Thereafter, claimant continued to receive a monthly pension payment while simultaneously collecting weekly unemployment insurance benefits.
In October 2020, the Department of Labor issued notices of determination that, among other things, reduced claimant's weekly unemployment insurance benefit rate to zero (effective July 6, 2020) pursuant to Labor Law § 600 (1), ruled that she was ineligible to receive benefits from April 27, 2020 to July 12, 2020 and charged her with a recoverable overpayment of the unemployment insurance benefits paid, as well as the PEUC, PUA, FPUC and LWA payments she received, upon the ground that she received a retroactive payment of remuneration in the form of her pension. At the conclusion of the hearing that followed, an Administrative Law Judge upheld the original determinations finding, among other things, that claimant's pension payment reduced her benefit rate to zero and that she was properly charged with recoverable overpayments. Upon administrative appeal, the Unemployment Insurance Appeal Board affirmed, noting that claimant "may wish to contact the Department . . . to request a waiver of the repayment of the overpaid [f]ederal benefits." This appeal by claimant followed.
We [*2]affirm. Pursuant to Labor Law § 600 (1) (a), "the benefit rate of a claimant who is receiving a governmental or other pension shall be reduced if such pension payment is made under a plan maintained or contributed to by the base period employer and the claimant's employment with, or remuneration from, such employer after the beginning of the base period increased the amount of such pension" (Matter of Morganstern [Commissioner of Labor], 199 AD3d 1224, 1225 [3d Dept 2021 [internal quotation marks, ellipses and brackets omitted]). Claimant does not dispute that she received a monthly pension payment (effective May 1, 2020), that her base period employer contributed to such pension or that the work she performed during her base period employment affected her eligibility for or increased the amount of her pension. There also is no question that the prorated weekly amount of claimant's pension exceeded her weekly unemployment insurance benefits, thereby triggering the statutory reduction and reducing claimant's unemployment insurance benefit rate to zero (see id. at 1225-1226; Matter of Burger [Commissioner of Labor], 109 AD3d 1073, 1074 [3d Dept 2013]; Matter of Sanchez [Commissioner of Labor], 56 AD3d 846, 847 [3d Dept 2008]). Accordingly, claimant's sole argument upon appeal is that because she purportedly was advised by a Department representative that she could simultaneously collect her pension and receive unemployment insurance benefits, she should not be charged with a recoverable overpayment.
"[T]he conditional payment of unemployment insurance benefits prior to verification of the details of a claimant's pension is subject to review and recovery of an overpayment" — even in instances where the claimant has made the appropriate disclosures and is not at fault (Matter of Sanchez [Commissioner of Labor], 56 AD3d at 847; see Labor Law § 597 [3], [4]; Matter of Burger [Commissioner of Labor], 109 AD3d at 1074; Matter of Hosenfeld [Commissioner of Labor], 280 AD2d 738, 738 [3d Dept 2001]; Matter of Hammer [Commissioner of Labor], 263 AD2d 608, 608 [3d Dept 1999]).[FN1] Hence, claimant was properly charged with a recoverable overpayment of the unemployment insurance benefits that she received. Claimant's benefits in the form of FPUC, PEUC, PUA and LWA payments are similarly recoverable (see 15 USC §§ 9021 [d] [4]; 9023 [f] [2]; 9025 [e] [2]; 44 CFR 206.120 [f] [5]). Accordingly, we discern no basis upon which to disturb the Board's decision charging claimant with recoverable overpayments of each category of benefits received.
Lynch, J.P., Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The information with which claimant allegedly was provided, although arguably imprecise, was not inaccurate. Claimant's benefit rate was reduced to zero due to the amount of her pension benefit, not merely because she was receiving a pension payment in the first instance.